# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

IRFAN RAHMAN, and ANTHONY GIOVAGNOLI, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

GLOBALSCAPE, INC., MATTHEW C. GOULET, and JAMES W. ALBRECHT, JR., THOMAS W. BROWN, DAVID L. MANN, FRANK M. MORGAN, and THOMAS E. HICKS,

Defendants.

Case No. 5:17-cv-00753

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement ("Stipulation"), dated September 13, 2018, is entered between the following parties in the above-captioned proposed class action (the "Action"): (i) lead plaintiff Irfan Rahman ("Lead Plaintiff") by and through his undersigned counsel, on his own behalf and on behalf of the Class (defined below), and (ii) defendants GlobalSCAPE, Inc. ("GlobalSCAPE " or the "Company"), Matthew C. Goulet, James W. Albrecht, Jr., Thomas W. Brown, and David L. Mann, (the "Individual Defendants"), and Frank M. Morgan and Thomas E. Hicks, (the "Control Person Defendants")[1] through their undersigned counsel. This Stipulation is intended to fully, finally, and forever resolve, discharge, settle, and dismiss all claims in the above-captioned proposed class action, subject to the approval of the Court (as defined below).

---

[1] The Individual Defendants, Control Person Defendants and GlobalSCAPE shall together be referred to as the "Defendants," and together with Lead Plaintiff, each a "Party" and collectively the "Parties".

**WHEREAS**:

A.    On August 9, 2017, Anthony Giovagnoli ("Giovagnoli") filed a class action complaint in the United States District Court for the Western District of Texas (the "District Court" or "Court") naming GlobalSCAPE, Goulet (GlobalSCAPE's Chief Executive Officer) and Albrecht (its Chief Financial Officer, Executive Vice President, and Treasurer) as Defendants. Giovagnoli brought claims for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (the "SEC"), 17 C.F.R. § 240.10b-5.

B.    Giovagnoli brought his Complaint on behalf of a class of purchasers of the Company's common stock between January 26, 2017, and August 7, 2017, inclusive.

C.    On October 10, 2017, within 60 days of publication of Giovagnoli's notice of suit under 15 U.S.C. § 78u-4(3)(A)(i)(II), motions for the appointment of lead plaintiff were filed by Lead Plaintiff, as well as by another putative plaintiff, Brian Fong ("Fong").

D.    On October 24, 2017, the Court took both motions under advisement and ordered Fong and Lead Plaintiff to advise the Court whether they were seeking exclusive individual status as lead plaintiff, or if they were seeking to be named co-lead plaintiffs, by October 31, 2017. On October 31, 2017, Lead Plaintiff filed a Response stating that he sought to be named exclusive Lead Plaintiff. Fong did not respond to the Court's order.

E.    On November 6, 2017 the Court appointed Lead Plaintiff, and also selected Block & Leviton, LLP as lead counsel ("Lead Counsel") and the Kendall Law Group ("Kendall") as liaison counsel.

F.    Lead Plaintiff purchased GlobalSCAPE common stock during the Class Period (defined below) and suffered losses on those purchases.

G.    Lead Plaintiff filed an Amended Complaint on July 26, 2018. The Amended Complaint added defendants Brown (the Chairman of GlobalSCAPE's Board of Directors) and Mann (a member of the Board, and Chairman of the Board's Audit Committee) as well as defendants Morgan and Hicks, who are members of the Board and the Audit Committee.

H.      The Amended Complaint alleged violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder against GlobalSCAPE and the Individual Defendants, and violations of Section 20(a) of the Exchange Act against the Individual Defendants and the Control Person Defendants.

I.      After GlobalSCAPE restated its financial results on June 15, 2018, the Parties began to engage in settlement discussions. The Parties engaged experts to evaluate damages, and Lead Plaintiff shared his experts' competing damages figures with Defendants. Negotiations continued for some two months, with experienced counsel on both sides.

J.      On August 9, 2018, following arms'-length negotiations the Parties executed a Memorandum of Understanding, setting forth the basic terms of a settlement of this Action.

K.      Now, the Parties have reached an agreement providing for the settlement of the Action on the terms and subject to the conditions set forth below (the "Settlement").

L.      Lead Counsel, who asserts that they investigated the claims asserted herein prior to filing the Amended Complaint, including by a review of news articles, stock market analyst reports and filings with the Securities and Exchange Commission, among others, and having considered the claims asserted in the Action, the legal and factual defenses thereto, and the applicable law, concludes that (i) it is in the best interests of the Class (defined below) to enter into this Settlement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for the Class  and (ii) the Settlement set forth herein is fair, reasonable and adequate and in the best interests of Class Members (defined below).

M.      The Defendants deny all the claims and contentions alleged by Lead Plaintiff in this Action. Defendants expressly deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in this litigation. Defendants also deny, *inter alia*, the allegations that Lead Plaintiff or Class Members have suffered damage, or were otherwise harmed by the conduct alleged in this litigation. Defendants assert that, at all times, they acted in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations and laws. This Settlement, whether or not

consummated, any proceedings relating to this Settlement, or any of the terms of this Settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of Defendants or any of the Released Persons with respect to any claim of any liability or damage whatsoever, or any infirmity in any claim or defense. Defendants are entering into this Settlement to eliminate the burden, expense, uncertainty, distraction and risk of further litigation.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, through their respective counsel of record, that, subject to the approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the PSLRA and other conditions set forth herein, in consideration of the benefits flowing to the Parties hereto, that the Action and all Plaintiffs' Settled Claims (defined below) and Defendants' Settled Claims (defined below) shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, upon and subject to the following terms and conditions:

## 1    Definitions

1.1    In addition to terms defined above and below, the following capitalized terms used in this Stipulation and its exhibits shall have the meanings specified below:

a.    "Authorized Claimant(s)" means a Class Member (defined below) who submits a timely and valid Proof of Claim (defined below) to the Claims Administrator (defined below), in accordance with the requirements established by the Court, that is approved for payment from the Settlement Fund (defined below).

b.    "Claimant" means a Class Member who submits a Proof of Claim to the Claims Administrator (defined below) seeking to share in the proceeds of the Settlement Fund (defined below).

c.    "Claims Administrator" means the administrator retained by Lead Counsel on behalf of the Class (defined below) with the approval of the Court in connection with the distribution of the Notice (defined below) and Proof of Claim form (defined below) to the Class (defined below), and to administer the Settlement.

d.    "Class" means any and all persons or entities who purchased shares of GlobalSCAPE common stock on the New York Stock Exchange during the period from March 3, 2016 through August 7, 2017, both dates inclusive, including their respective successors, predecessors, heirs, trustees, executors, administrators, assigns, and transferee. Excluded from the Class are: Individuals named as defendants in the Action at the time of settlement, GlobalSCAPE's current and former directors and officers and their immediate family members, including their legal representatives, heirs, successors, or assigns, and any entity in which a Defendant has or had a controlling interest. Also excluded from the Class is any person or entity who excludes themselves by filing a timely Request for Exclusion (defined below).

e.    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

f.    "Class Member(s)" means a person or entity that is a member of the Class.

g.    "Class Period" means the time-period between and including March 3, 2016 through August 7, 2017.

h.    "Defendants' Counsel" means the law firms of King & Spalding, LLP, Brophy, Edmundson, Shelton & Weiss, PLLC, and Dykema Gossett PLLC.

i.    "Defendant Released Persons" means Defendants, each of a Defendant's past, present or future parents, subsidiaries and affiliates, and their respective directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, predecessors, successors, assigns, spouses, marital communities, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an individual defendant's immediate family, or any trust of which any individual defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or his family.

j.    "Defendants' Settled Claims" means any and all claims (including Unknown Claims), for damages, injunctive relief, or any other remedies against Plaintiff Released Persons

based upon, arising from, or related to the prosecution and/or settlement of the Action by Defendants, including any claim or assertion that Federal Rule of Civil Procedure 11 was violated in any manner; provided, however, that the Defendants' Settled Claims shall not release any claims to enforce the Settlement.

k.      "Effective Date" means the first date by which all of the following have occurred: (i) the Court has entered the Preliminary Approval Order; (ii) GlobalSCAPE (or its insurers) shall have paid the Settlement Amount into the Escrow Account (defined below); (iii) the Court has approved the Settlement following notice to the Class and the Settlement Hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure; and (iv) the Order and Final Judgment (defined below) has either been finally affirmed on appeal or is no longer subject to appeal (or further appeal) and the time for any petition for re-argument, appeal or review thereof has expired.

l.      "Escrow Account" means an escrow account to be designated by Lead Counsel at an independent bank that is mutually agreeable to the Parties, subject to the Court's supervisory authority, into which Defendants shall deposit or cause to be deposited the Settlement Amount.

m.      "Long-Form Notice" means the Notice of Pendency of Class Action, Proposed Settlement, Settlement Hearing and Right to Appear, which, subject to Court approval, shall be substantially in the form attached as Exhibit A(2), and which the Claims Administrator shall post in downloadable form on a website specific to the Action, and that the Claims Administrator shall provide in hard copy form to any putative Settlement Class Member who requests a copy.

n.      "Order and Final Judgment" means the Order and Final Judgment to be entered by the Court in the Action, substantially in the form of Exhibit B attached hereto.

N.      "Plaintiffs' Counsel" collectively means Block & Leviton and Kendall.

o.      "Plaintiff Released Persons" means Lead Plaintiff, Plaintiffs' Counsel, any and all Class Members, their attorneys or agents.

p.      "Plaintiffs' Settled Claims" means any and all actions, causes of action, claims (including Unknown Claims), demands, rights, disputes, suits, matters, damages, losses, costs, expenses, obligations, proceedings, issues, judgments, and liabilities of every nature and

description whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, foreseen or unforeseen, liquidated or unliquidated, accrued or unaccrued, matured or unmatured, concealed or hidden, at law or in equity, whether class, individual, direct, derivative, representative, legal, or equitable against Defendant Released Persons arising under federal, state, common or foreign law, including the federal securities laws and any state disclosure law, or at equity, that (a) Lead Plaintiff or any Class Member have asserted in this Action, or could have asserted in the Action or in any other proceeding or forum that concern, arise out of, refer to, are based upon, or are related in any way to the allegations, events, acts, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth or referred to in the Complaint, or first Amended Complaint, including, without limitation, all of Defendants' public filings and statements cited therein; (b) would have been barred by res judicata or collateral estoppel had this Action been fully litigated to a final judgment; or (c) could have been, or in the future could be, asserted in any forum or proceeding or otherwise by Lead Plaintiff or any Class Member that relate to purchase, sale, acquisition or holding of GlobalSCAPE common stock during the Class Period; provided, however, that the Plaintiffs' Settled Claims shall not release any claims to enforce the Settlement.

     q.    "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement, and authorizing the Notice to be provided to the Class and scheduling the Settlement Hearing, which subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

     r.    "Proof(s) of Claim" means the form provided to Class Members by the Claims Administrator for purposes of submitting a claim, substantially in the form attached hereto as Exhibit A(3).

     s.    "Recognized Loss" means an Authorized Claimant's loss as determined by the Claims Administrator.

     t.    "Settlement Amount" means one million, four hundred thousand U.S. dollars ($1,400,000.00).

u.      "<u>Settlement Fund</u>" means the Settlement Amount plus any interest earned thereon after it is deposited into the Escrow Account.

v.      "<u>Settlement Hearing</u>" means the hearing to be held by the Court to, among other things, (i) determine whether the Class as defined above should be certified pursuant to Federal Rule of Civil Procedure 23(b)(3); (ii) determine whether the proposed Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class, (iii) determine whether all of Lead Plaintiff's and the Class' claims should be dismissed with prejudice; (iv) determine whether the proposed Order and Final Judgment approving the Settlement should be entered; (v) determine whether, and in what amount, an award of attorneys' fees and expenses should be paid to Plaintiffs' Counsel and a compensatory award should be paid to Lead Plaintiff; (vi) consider any objections to the proposed Settlement or to Plaintiffs' Counsels' application for an award of attorneys' fees and expenses and a compensatory award to Lead Plaintiff; and (vii) rule on such other matters as the Court may deem necessary and appropriate.

w.      "<u>Settlement Notice</u>" means the Summary Notice (defined below) and the Long-Form Notice (defined above) collectively.

x.      "<u>Summary Notice</u>" means the document that, subject to Court Approval, shall be substantially in the form attached as Exhibit A(1), the relevant text of which will be published in *Investors Business Daily* and transmitted over *P.R. Newswire.*

y.      "<u>Taxes</u>" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

z.      "<u>Tax Expenses</u>" means any reasonable expenses and costs incurred in connection with the payment of Taxes or the preparation of tax returns, including, without limitation, reasonable expenses of tax attorneys and/or accountants and/or other advisors and reasonable expenses relating to the filing of or failure to file all necessary or advisable tax returns.

aa.     "<u>Unknown Claims</u>" means any claim that Defendants, Lead Plaintiff, or any Class Member does not know or suspect exists in his, her or its favor at the time of the release of the Plaintiffs' Settled Claims and Defendants' Settled Claims as against the Defendant Released

8

Persons and Plaintiff Released Persons, respectively, including without limitation those which, if known, might have affected the decision to enter into the Settlement, or not to object to this Settlement, or not to exclude himself, herself or itself from the Class.

**2    Settlement Consideration**

2.1    In consideration for the full settlement and release of Plaintiffs' Settled Claims against all Defendant Released Persons and the dismissal with prejudice of the Action, GlobalSCAPE (or its insurers), on behalf of all Defendants, shall pay the Settlement Amount into the Escrow Account within fourteen (14) days of the later of a) the Court granting the motion for Preliminary Approval and b) receipt of an IRS form W-9 and payment instructions from Lead Counsel. Upon the establishment of an Escrow Account, Defendants' Counsel shall be provided with the Settlement Fund's taxpayer ID number and any other information Defendants need to effectuate payment. The Settlement Amount shall be invested in securities backed by the full faith and credit of the United States Government.

**3    Releases**

3.1    Upon the Effective Date, Lead Plaintiff and each of the Class Members (on behalf of themselves and their respective successors, predecessors, heirs, trustees, executors, administrators, assigns, and transferees) shall be deemed to have and by operation of the Order and Final Judgment shall have fully, finally, and forever released, relinquished, discharged, waived and dismissed Plaintiffs' Settled Claims against any and all Defendant Released Persons (whether or not Lead Plaintiff or such Class Member submits a Proof of Claim Form).

3.2    Upon the Effective Date, Defendants (on behalf of themselves and their respective successors, predecessors, heirs, trustees, executors, administrators, assigns and transferees) shall be deemed to have and by operation of the Order and Final Judgment shall have fully, finally, and forever released, relinquished, discharged, waived and dismissed Defendants' Settled Claims against any and all Plaintiff Released Persons.

3.3    The releases contemplated in paragraphs 3.1 and 3.2 will extend to all claims that Lead Plaintiff and the Class Members and Defendants do not know or suspect to exist at the time

of the releases, which, if known, might have affected the decision to enter into the releases and participate in the Settlement. Additionally, the Order and Final Judgment will include a provision that Defendants and Lead Plaintiff acknowledge, and each of the Class Members by operation of law shall be deemed to have acknowledged, that any or all of them may discover facts in addition to or different from those now known or believed to be true by them with respect to the subject matter of Plaintiffs' Settled Claims and Defendants' Settled Claims, but that it is the intention of Defendants, Lead Plaintiff, and by operation of law the intention of each of the Class Members, to completely, fully, finally, and forever compromise, settle, release, discharge, extinguish, and dismiss any and all Plaintiffs' Settled Claims and Defendants' Settled Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore have existed, including, but not limited to, claims relating to conduct that is negligent, reckless, intentional, with or without malice, or any breach of any duty, law or rule, without regard to the subsequent discovery of additional or different facts. Defendants and Lead Plaintiff acknowledge, and each of the Class Members by operation of law shall be deemed to have acknowledged, that "Unknown Claims" are expressly included in the definition of "Plaintiffs' Settled Claims" and "Defendants' Settled Claims," and that such inclusion was expressly bargained for and was a material element of the Settlement and was relied upon by Lead Plaintiff and Defendants in entering into the Settlement.

3.4     The Settlement is intended to extinguish all of the Plaintiffs' Settled Claims and the Defendants' Settled Claims and, consistent with such intention, upon the Effective Date, Defendants and Lead Plaintiff expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, the provisions, rights and benefits of any state, federal, or foreign law or principle of common law, which may have the effect of limiting the releases set forth above. This shall include a waiver by Lead Plaintiff and each of the Class Members and Defendants of any rights pursuant to section 1542 of the California Civil Code (or any similar,

comparable, or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

3.5     Defendants and Lead Plaintiff acknowledge, and each of the Class Members shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and was a material element of the Settlement and was relied upon by each and all of the Defendants and Lead Plaintiff in entering into the Settlement.

3.6     Upon the Effective Date, Lead Plaintiff and each of the Class Members, and anyone claiming through or on behalf of any of them, in accordance with the terms of the proposed Order and Final Judgment attached hereto as Exhibit B, are forever barred and enjoined to the fullest extent permitted by law from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of Plaintiffs' Settled Claims against any Defendant Released Persons.

3.7     Upon the Effective Date, Defendants, and anyone claiming through or on behalf of any of them, in accordance with the terms of the proposed Order and Final Judgment attached hereto as Exhibit B, are forever barred and enjoined from commencing, instituting, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of Defendants' Settled Claims.

3.8     Except as otherwise provided in this Stipulation, each of the Parties is to bear his, her or its own costs, expenses, and attorneys' fees in connection with the Action.

**4    Use and Administration of the Settlement Fund**

4.1    The administration, distribution, and allocation of the Settlement Fund are matters separate and apart from the Settlement, and any decision, alteration, or modification to the administration, distribution, and allocation of the Settlement Fund shall not affect the validity or finality of the Settlement.

4.2    The Settlement Fund shall be held and invested in the Escrow Account as provided in paragraph 4.3 hereof.

4.3    The Settlement Fund shall be invested in instruments backed by the full faith and credit of the United States government or any agency thereof (or a mutual fund invested solely in such instruments). Defendant Released Persons and Defendants' Counsel shall have no responsibility for, or liability with respect to, the investment decisions of the Settlement Fund. The Settlement Fund shall bear all risks related to investment of the Settlement Amount.

4.4    Subject to the terms and conditions of this Settlement, the Settlement Fund shall be used to pay: (i) Taxes and Tax Expenses; (ii) the costs, fees and expenses that are reasonably incurred in connection with the process for notice and administration of Settlement in accordance with paragraph 4.6; (iii) any attorneys' fees, litigation expenses, and compensation to Lead Plaintiff awarded by the Court and (iv) to distribute the Settlement Fund to Authorized Claimants. In no event shall the Defendant Released Persons and Defendants' Counsel bear any responsibility for any fees, costs or expenses beyond payment of the Settlement Amount.

4.5    Except as provided herein, the Settlement Fund shall remain in the Escrow Account prior to distribution. All funds held in the Escrow Account shall be deemed custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the terms of this Settlement.

4.6    Lead Counsel shall administer the process for notice and the distribution and allocation of the Settlement Fund. The Settlement Fund may be used by Plaintiffs' Counsel to provide notice to the Class as specified in the Preliminary Approval Order, including, without limitation, the actual costs of publication, printing and mailing the Notice, the administrative

expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with identifying Class Members and providing Notice and processing the submitted claims. The costs and expenses related to providing notice of the Settlement to the Class, as well as any costs and expenses related to the administration of the Settlement, shall be paid by Lead Counsel from the Settlement Fund upon preliminary approval of the Settlement. The cost and expense for providing Notice to the Class shall not exceed $100,000. To the extent that such costs and expenses exceed $100,000, they may be paid only pursuant to further order of the Court, and consistent with paragraph 4.4, only out of the Settlement Fund. Prior to the Effective Date, Lead Counsel shall provide Defendants' Counsel, upon request, with information relating to amounts expended from the Settlement Fund to provide Notice to the Class.

4.7    Defendant Released Persons shall have no liability, obligation or responsibility whatsoever to any person or entity, including, but not limited to, Class Members, the Escrow Agent, or the Claims Administrator, in connection with the administration of the Settlement, the processing of claims or the disbursement of the Settlement Fund.

4.8    If the Settlement is not approved, within three (3) business days of the denial of the Settlement by the Court or within ten (10) business days of any reversal of the Court's approval on appeal, Plaintiffs' Counsel shall cause the Settlement Fund to be returned pursuant to written instructions from Defendants' Counsel, together with any interest earned on the Settlement Fund, less any cost actually incurred to provide notice to the Class. If the Settlement is not approved by the Court, neither Lead Plaintiff nor Plaintiffs' Counsel shall have any obligation to re-pay any of the funds actually incurred to provide notice to the Class.

4.9    The Claims Administrator, retained by and subject to the supervision of Lead Counsel, shall administer the process of receiving, reviewing, and approving or denying Proofs of Claim. After receiving a Proof of Claim, the Claims Administrator shall determine first, whether it is valid, in whole or in part, and second, the *pro rata* share of the Settlement Fund to the Authorized Claimant based on the Proof of Claim and Recognized Loss pursuant to the plan of allocation as set forth in the Long-Form Notice at Exhibit A(2) hereto or in such other plan of

allocation as the Court approves. Lead Counsel shall be responsible for supervising the administration of the Settlement Fund and the disbursement of the Settlement Fund. Defendants shall not be permitted to review, contest, or object to any Proof of Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting a Proof of Claim for payment by a Claimant. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proof of Claim submitted in the interests of achieving substantial justice.

4.10    The finality of the Settlement shall not be conditioned on any ruling by the District Court concerning the plan of allocation contained in the Long-Form Notice (the "Plan of Allocation"). Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment and the release of the Plaintiffs' Settled Claims and Defendants' Settled Claims. The Plan of Allocation proposed in the Long-Form Notice is not a necessary term of the Settlement or this Stipulation, and it is not a condition of the Settlement or Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Plaintiffs' Counsel may not cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. There shall be no distribution of any of the Settlement Fund to any Class Member until the Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or *certiorari*, and the time for any petition for rehearing, appeal, or review, by *certiorari* or otherwise, has expired. None of Defendants or Defendant Released Persons shall have any responsibility for, and no liability with respect to, the plan of allocation or investment of the Settlement Fund.

4.11    Any Class Member who does not submit a valid Proof of Claim will not be entitled to receive any distribution from the Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, and the releases provided for herein, and will be

permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendant Released Persons with respect to Plaintiffs' Settled Claims.

4.12    For purposes of determining the extent, if any, to which a Class Member shall be treated as an Authorized Claimant and be entitled to receive any distribution from the Settlement Fund, the following conditions shall apply:

a.    Each Class Member shall be required to submit a Proof of Claim, substantially in the form attached hereto as Exhibit A(3), supported by such documents as are designated therein, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable to determine each Class Member's holdings, purchases, and sales of GlobalSCAPE common stock during the Class Period.

b.    All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Settlement Notice. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any distribution from the Settlement Fund (unless by order of the Court the deadline to submit a Proof of Claim is extended or such Class Member's Proof of Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendant Released Persons with respect to Plaintiffs' Settled Claims. A Proof of Claim shall be deemed to be submitted when it is postmarked, if mailed by first-class mail or registered or certified mail, postage prepaid, and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted on the date when received by the Claims Administrator.

c.    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation and the plan of allocation in the Notice the extent, if any, to which

each Proof of Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary.

d.      Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim, in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim the Claims Administrator proposes to reject, in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Proof of Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below.

e.      If any Claimant whose Proof of Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Proof of Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

4.13    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim, and the Proof of Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Proof of Claim. No discovery shall be allowed on the merits of the Action or of the Settlement in connection with the processing of Proofs of Claim.

4.14    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Proofs of Claim submitted; (b) approving payment

of any administrative fees and expenses associated with the administration of the Settlement Fund; and (c) directing payment to Authorized Claimants if the Effective Date has occurred.

4.15    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members. All Class Members whose Proofs of Claim are not approved by the Court for payment shall be barred from participating in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the releases provided for herein, and will be permanently barred and enjoined from bringing any action against any and all Defendant Released Persons concerning any and all of Plaintiffs' Settled Claims.

4.16    No person or entity shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel and/or their respective counsel, arising from distributions made substantially in accordance with this Stipulation, the plan of allocation of the Settlement Fund in the Notice or any order of the Court. Lead Plaintiff and Plaintiffs' Counsel shall have no liability whatsoever for the investment of the Settlement Amount or the Settlement Fund, the termination, administration, calculation, or payment of any claim by the Claims Administrator or non-performance of the Claims Administrator, or any losses incurred in connection therewith.

4.17    All proceedings with respect to the administration, processing, and determination of Proofs of Claim and the determination of all controversies relating thereof, including disputed questions of law and fact with respect to the validity of Proofs of Claim, shall be subject to the jurisdiction of the Court and shall be decided by the Court.

4.18    If the Settlement is approved by the Court, then no Settlement Funds shall revert to Defendants or their insurers. To the extent that any amount of the Settlement Fund remains after the Claims Administrator has caused distributions to be made to all Authorized Claimants whether by reason of uncashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Settlement Fund one (1) year after the initial distribution of such funds shall be

re-distributed to Authorized Claimants who have cashed their initial distributions, after payment of any unpaid Taxes and Tax Expenses or any unpaid costs or fees incurred in administering the Settlement Fund for such re-distribution if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses that would be incurred with respect to such re-distributions, would be cost-effective. Further re-distributions to Authorized Claimants who have cashed their prior distribution checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that further re-distributions, after the deduction of any additional fees and expenses that would be incurred with respect to such re-distributions, would be cost effective. At such time as it is determined that the re-distribution of funds remaining in the Settlement Fund is not cost-effective, the remaining balance in the Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

4.19    The Parties agree that the Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 and that the Claims Administrator, as "administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by paragraph 4.20 herein. The Claims Administrator shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes and Tax Expenses owed with respect to the Settlement Fund, and is authorized to withdraw, without prior order of the Court, from the Settlement Fund such amounts as are necessary to pay Taxes and Tax Expenses. Defendants will provide to the Claims Administrator the statement described in Treasury Regulation § 1.468B-3(e). The Claims Administrator, as "administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-

2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation-back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

4.20    All Taxes (including any interest or penalties) and Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be paid out of the Settlement Fund. The Defendant Released Persons shall not have any responsibility for, and no liability with respect to, payment of any such Taxes or Tax Expenses, and shall have no responsibility for, and no liability with respect to, the acts or omissions of the Claims Administrator, Lead Counsel or their agents, with regard to Taxes and Tax Expenses. The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the terms of this Settlement with regard to Taxes and Tax Expenses.

## 5    Submission of the Settlement to the Court for Approval

5.1    Promptly upon execution of this Stipulation, Lead Plaintiff, by and through Plaintiffs' Counsel shall submit the Stipulation together with its exhibits to the Court and shall move for preliminary approval of the Settlement, preliminary certification of the Class and scheduling the Settlement Hearing. Concurrently with the motion for preliminary court approval, Lead Plaintiff, by and through Plaintiffs' Counsel shall apply to the Court, with Defendants' Counsel's consent, for entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A, which specifically shall include provisions that, among other things, will:

a.    Schedule the Settlement Hearing to, among other things: (i) determine whether the Class as defined above should be certified pursuant to Federal Rule of Civil Procedure 23(b)(3); (ii) determine whether the proposed Settlement should be approved as fair, reasonable, adequate and in the best interests of the Class; (iii) determine whether all of Lead Plaintiff's and the Class' claims should be dismissed with prejudice; (iv) determine whether the proposed Order and Final Judgment approving the Settlement should be

entered; (v) determine whether, and in what amount, an award of attorneys' fees and expenses should be paid to Plaintiffs' Counsel, and a compensatory award should be paid to Lead Plaintiff; (vi) consider any objections to the proposed Settlement or to Plaintiffs' Counsel's application for an award of attorneys' fees and expenses and compensatory award to Lead Plaintiff; and (vii) rule on such other matters as the Court may deem necessary and appropriate.

b.      Approve the Settlement Notice, and find that such notice constitutes the best practicable form and method of notice to Class Members.

c.      Direct that, not later than ten (10) days after entry of the Preliminary Approval Order (the "Notice Date"),  Lead Counsel shall cause the Claims Administrator to mail the Summary Notice, substantially in the form of Exhibit A(1)  attached hereto, to those Class Members who may be identified through reasonable effort, and the relevant text thereof to be published once in the *Wall Street Journal* and *PR Newswire*, and that the notice of the Settlement also shall be provided via internet publication, which shall link to a dedicated website page created by Lead Counsel and maintained through the date of the Settlement Hearing, which contains the Settlement Notice and other relevant Settlement documents.

d.      Provide that any Class Member who objects to the terms of this Stipulation, the proposed Settlement (including the Plan of Allocation of the Settlement Fund as set forth in the Long-Form Notice), the class action determination, the adequacy of the representation of the Class by Lead Plaintiff and Lead Counsel, the entry of the Order and Final Judgment approving the Settlement, and/or the Fee Application (defined below), or who otherwise wishes to be heard, may appear in person or by his, her or its attorneys at the Settlement Hearing and present any evidence or argument that may be proper and relevant; provided, however, that no person or entity (other than the Parties) shall be heard, and no papers, briefs, pleadings or other documents submitted by any such person or entity shall be received and considered by the Court (unless the Court, in its discretion, thereafter otherwise shall direct, upon application of such person or entity and for good cause shown),

unless, no later than twenty-one (21) calendar days prior to the Settlement Hearing, such person or entity files with the Court and, simultaneously with or before such filing, serves by hand or overnight delivery upon Lead Counsel and Defendants' Counsel as identified in the Long-Form Notice: (i) written notice of the intention to appear, identifying the name, address and telephone number of the objector and, if represented, the objector's counsel; (ii) proof of membership in the Class including a listing of all shares of GlobalSCAPE common stock purchased, acquired or sold between and including March 3, 2016 through August 7, 2017, including the amount and date of each purchase or sale and the price paid and/or received; (iii) a signed detailed statement by the objector of his, her or its objections to any matters before the Court; (iv) a written statement of all of the grounds for the objections, accompanied by any legal support for such objections, and reasons that the objector desires to appear and be heard; (v) copies of any papers, briefs or other documents upon which the objections are based; (vi) a list of all persons who will be called to testify in support of the objections; (vii) a statement of whether the objector intends to appear at the Settlement Hearing; (viii) a list of other cases in which the objector or the objector's counsel has appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (ix) all documents and writings which such objector desires the Court to consider. If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Settlement Hearing. Any person or entity objecting to the Settlement shall submit to the Court's jurisdiction and agrees that the Parties may depose the person or entity about their objection. Unless the Court otherwise directs, no person or entity shall be entitled to object to the approval of the Settlement, any judgment entered thereon, the adequacy of the representation of the Class by Lead Plaintiff and Lead Counsel, any award of attorneys' fees and expenses, the allocation of the Settlement Fund or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described above. Any person or entity who fails to object in the manner described above

shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in the Action or any other proceeding.

e.      Provide that any Class Member may, upon request, be excluded from the Settlement provided that any such Class Member must submit a request for exclusion ("Request(s) for Exclusion") to the Claims Administrator no later than twenty-one (21) calendar days before the Settlement Hearing, providing: (i) the name, address and telephone number of the Class Member requesting exclusion; (ii) the Class Member's purchases, acquisitions and sales of GlobalSCAPE common stock made during the Class Period, including the dates, the number of shares of common stock, and price paid or received per share for each such purchase, acquisition or sale; and (iii) a statement that the Class Member wishes to be excluded from the Class. Requests for Exclusion must also be signed by the Class Member requesting exclusion. Requests for Exclusion shall be deemed to have been submitted when postmarked, if mailed by first-class, or registered or certified mail, postage prepaid. All other Requests for Exclusion shall be deemed to have been submitted on the date they are received by the Claims Administrator. All Class Members who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under this Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or Order and Final Judgment.

f.      Provide that any Class Member who does not submit a valid and timely Request for Exclusion in the manner stated in this Preliminary Approval Order shall be deemed to have waived his, her or its right to be excluded from the Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and Order and Final Judgment, including, but not limited to the release of Plaintiffs' Settled Claims provided for in the Settlement and the Order and Final Judgment, if the Court approves the Settlement.

g.      Provide that any Class Member who wishes to participate in the Settlement must submit a valid Proof of Claim to the Claims Administrator, at the Post Office Box indicated

in the Settlement Notice, by no later than one hundred and twenty (120) calendar days following the date on the Settlement Notice. Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first-class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted on the date they are received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the Claimant of all Defendant Released Persons as set forth herein; and (iii) be signed with an affirmation that the information is true and correct. Any Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation and the Order and Final Judgment, if entered.

h.    Stay all proceedings in the Action (other than proceedings as may be necessary to carry out the terms and conditions of the Settlement) pending final determination of whether the Settlement provided for in this Stipulation should be approved.

i.    Provide that the Settlement Hearing may, from time to time and without further notice to the Class Members, be continued or adjourned by order of the Court.

5.2    Lead Counsel shall assume the administrative responsibility of providing, and preparing and disseminating, the Settlement Notice and Proof of Claim form to the Class, as required by the Preliminary Approval Order. All expenses incurred to provide notice to the Class shall be fully borne by the Settlement Fund, in accordance with paragraphs 4.4 and 4.6, and if the Settlement is not approved, neither Lead Plaintiff nor Plaintiffs' Counsel shall have any obligation to reimburse Defendants for these funds to the extent they were paid out of the Settlement Fund. At least five (5) business days before the Settlement Hearing, Lead Plaintiff shall file with the Court appropriate proof that the notice required by the Preliminary Approval Order has been provided to the Class Members. At least five (5) business days before the Settlement Hearing,

Lead Plaintiff shall also file with the Court a list of any timely and valid Requests for Exclusion received by the Claims Administrator.

5.3    Prior to the Preliminary Approval Hearing, Defendants shall, at their cost, convey to the Claims Administrator copies of the transfer records of GlobalSCAPE stock owners for the Class Period.

## 6    Order and Final Judgment

6.1    If the Settlement (including any modification made with the consent of both Parties) is approved by the Court following the Settlement Hearing as fair, reasonable and adequate and in the best interests of the Class, the Parties jointly shall request the Court to enter the Order and Final Judgment, substantially in the form of Exhibit B attached hereto. In addition to the inclusion of the releases outlined in paragraphs 3.1 and 3.2, the Order and Final Judgment shall, among other things:

a.    find that the prerequisites to a class action set forth in Federal Rule of Civil Procedure 23(a) are satisfied, that Lead Plaintiff are adequate representatives of the Class, and that the Action properly may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), and certify the Class;

b.    approve the Settlement, and all transactions preparatory or incident thereto, as fair, reasonable, adequate and in the best interests of the Class Members, pursuant to Federal Rule of Civil Procedure 23(e);

c.    authorize and direct performance of the Settlement in accordance with all its terms and conditions; and

d.    dismiss the Action with prejudice as against the named Lead Plaintiff and Class Members, and all of them, without costs except any fees and expenses awarded as provided herein, and extinguish all the Plaintiffs' Settled Claims and Defendants' Settled Claims against all the Defendant Released Persons and Plaintiff Released Persons as provided herein.

**7    Effect of Disapproval of Settlement, Cancellation or Termination**

7.1     In the event that this Stipulation fails for any reason to become effective in accordance with its terms, this Stipulation shall have no further force and effect and shall not be deemed to prejudice in any way the respective positions of any or all of the Defendants or Lead Plaintiff, and neither the existence of this Stipulation nor its contents shall be admissible in evidence or shall be referred to for any purpose in the Action or in any other litigation or proceeding, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated *nunc pro tunc*. Moreover, in such event, no Party shall be entitled to recover any costs or expenses incurred in connection with this Stipulation. If the settlement is not finally approved by the Court, the Lead Plaintiff and/or their counsel shall have no obligation to re-pay any costs incurred in preparing and disseminating the Notice, Proof of Claim form and Summary Notice to the Class, as otherwise contemplated by the Preliminary Approval Order

7.2     Defendants and Lead Plaintiff shall each have the right to terminate the Settlement by providing written notice of their election to do so to the other within twenty (20) days of the date on which: (i) the Court declines to enter the Preliminary Approval Order in any material respect; (ii) the Court refuses to grant final approval of this Settlement or any material part of it; or (iii) the Court declines to enter the Order and Final Judgment in any material respect. In the event the Settlement is terminated, the provisions of paragraphs 4.3, 4.5, 4.7, 4.8, 7.1, 8.1, 9.1 and 10.14 shall survive termination.

7.3     If prior to final Court approval of the Settlement, (i) persons or entities who otherwise would be Class Members have timely and validly requested exclusion from the Settlement and the Class in accordance with the provisions of the Preliminary Approval Order, and have not withdrawn their request for exclusion ("Opt-Outs"), and such persons and entities in the aggregate purchased or otherwise acquired stock during the class period that exceeds the number of GlobalSCAPE shares specified in a separate Supplemental Agreement between the Settling Parties (the "Supplemental Agreement"), or (ii) Persons file lawsuits alleging fraud in

connection with the purchase of more than the number of GlobalSCAPE shares specified in the Supplemental Agreement, then Defendants shall have, in their sole and absolute discretion, which must be exercised by a majority, the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (the "Supplemental Termination Option").  The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application

7.4     In the event the Settlement does not become final for any reason, Defendants reserve the right to oppose certification of any plaintiff class in any future proceedings in the Action.

## 8    No Admission of Wrongdoing

8.1     Whether or not the Stipulation is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including exhibits, all negotiations, discussions, drafts, statements and proceedings in connection with the Settlement, and any act performed or document signed in connection therewith:

a.   shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession on the part of Defendant Released Persons or Plaintiff Released Persons, or any other person or entity, with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation;

b.   shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendant Released Persons, or of any infirmity in Lead Plaintiff's and other Class Members' claims;

c.   shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession on the part of Defendant Released Persons or

Plaintiff Released Persons, or any other person or entity, with respect to any liability, negligence, fault or wrongdoing of any nature by them, or any of them, and shall not be offered or received or in any way referred to for any other reason against the Defendant Released Persons or Plaintiff Released Persons in any arbitration proceeding or other civil, criminal or administrative action or proceeding (except an action to enforce the Stipulation and Settlement contemplated hereby); provided, however, that if this Settlement is approved by the Court, the Defendant Released Persons or Plaintiff Released Persons may refer to it to effectuate the liability protection granted them hereunder;

d.   shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession by Defendant Released Persons, Plaintiff Released Persons, Defendants' Counsel or Plaintiffs' Counsel that the consideration paid hereunder represents the amount which could be or would have been recovered after trial; and

e.   shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession that Lead Plaintiff, any Class Member, any present or former stockholder of GlobalSCAPE, or any other person or entity, has or has not suffered any damage.

8.2    Lead Plaintiff believes, and continues to believe, that the claims and causes of action asserted in the Amended Complaint are valid and meritorious and that by entering into this Stipulation he in no way concedes otherwise.

8.3    Defendants have denied and continue to deny each and all the claims and contentions alleged by Lead Plaintiff in this Action. Defendants also have denied and continue to deny, inter alia, the allegations that Lead Plaintiff or Class Members have suffered damage, or were otherwise harmed by the conduct alleged in this litigation. Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations and laws. This Settlement,

whether or not consummated, any proceedings relating to this settlement, or any of the terms of this settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of any of the Defendants or any of the Released Persons with respect to any claim of any liability or damage whatsoever, or any infirmity in any claim or defense. Defendants are entering into this Settlement to eliminate the burden, expense, uncertainty, distraction and risk of further litigation.

## 9    Attorneys' Fees and Expenses

9.1    Lead Plaintiff and Plaintiff's Counsel shall petition the Court for an award of attorneys' fees not to exceed twenty-five percent of the Settlement Fund plus reimbursement of expenses not to exceed $25,000, and a compensatory award to Lead Plaintiff not to exceed $5,000 (the "Fee Application"). The Parties acknowledge and agree that any fee and expenses awarded to Plaintiff's Counsel and any compensatory award to Lead Plaintiff shall be paid from the Settlement Fund within five (5) days after entry of the Order and Final Judgment by the Court awarding such attorneys' fees and expenses, subject to Plaintiff's Counsels' joint and several obligation to refund, within thirty (30) days, all amounts received and all interest accrued or accumulated thereon, if and when, as a result of any appeal and/or further proceeding on remand, or successful collateral attack, the fees and expenses awarded are reduced or reversed or if the award in the Order and Final Judgment does not become final or if the Settlement is later reversed by any court. Any failure by the Court to approve the amount of such fees and expenses shall not affect the validity of the terms of the Settlement.

9.2    Any order or proceeding relating to the Fee Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, and shall not affect or delay the finality of the Order and Final Judgment. In the event that a Class Member objects to the amount of fees and expenses to be awarded, the Parties agree that the Court may enter the Order and Final Judgment but reserve for subsequent determination, on a schedule to be set by the Court, the amount of the fee and expense award.

## 10   Miscellaneous Provisions

10.1    All the exhibits attached to this Stipulation shall be incorporated by reference as though fully set forth herein.

10.2    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

10.3    Lead Plaintiff and Defendants assume the risk of any mistake of fact or law. If Lead Plaintiff or Defendants should later discover that any fact they relied upon in entering into the Settlement is not true, or that their understanding of the facts or law was incorrect, in such event Lead Plaintiff and Defendants shall not be entitled to seek rescission of the Settlement, or otherwise attack the validity of the Settlement, based on any such mistake. The Settlement is intended to be final and binding upon Lead Plaintiff and Defendants regardless of any mistake of fact or law.

10.4    This Stipulation constitutes the entire agreement among the Parties with respect to its subject matter, and supersedes any and all prior agreements or understandings concerning the subject matter hereof. This Stipulation, or any of its provisions, only may be amended, modified or waived by a written instrument signed by counsel for all Parties or their successors.

10.5    This Stipulation, and the exhibits attached hereto and incorporated by reference, shall be binding upon and inure to the benefit of the Parties and each and all their respective agents, executors, heirs, successors and assigns, subject to the conditions set forth in this Stipulation.

10.6    The Parties represent and agree that the terms of the Settlement were negotiated at arms'-length and in good faith, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient investigation and after consultation with experienced legal counsel.

10.7    Lead Plaintiff and Lead Counsel represent and warrant that none of the claims or causes of action asserted in the Action has been assigned, encumbered or in any manner transferred in whole or in part.

10.8    If any claim which is or would be subject to the releases and dismissal contemplated by this Stipulation is initiated in any court or other forum prior to final approval of the Settlement,

Lead Plaintiff shall join, at the request of any of the Defendants, in any motion to dismiss or stay such proceedings.

10.9    Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by such other Party.

10.10   This Stipulation may be executed, by original or facsimile signature, or by a .pdf image signature transmitted via e-mail, in counterparts, all of which shall be considered one and the same agreement and shall become effective when such counterparts have been signed by each of the Parties and delivered to the other Parties.

10.11   Notices required by this Stipulation shall be submitted either by any form of overnight mail, electronic e-mail, facsimile, or in person to each of the signatories below.

10.12   The administration, consummation and enforcement of the Stipulation shall be under the authority of the Court and the Parties intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees and litigation expenses, and enforcing the terms of the settlement.

10.13   This Stipulation shall be construed and enforced in accordance with the laws of the state of Texas, without regard to any principles of conflict of laws. Each of the Parties (a) irrevocably submits to the personal jurisdiction of the Court, as well as to the jurisdiction of all courts to which an appeal may be taken from the Court, in any suit, action or proceeding arising out of or relating to the Settlement and/or this Stipulation, (b) agrees that all claims in respect of such suit, action or proceeding shall be brought, heard and determined exclusively in the Court, (c) agrees that it shall not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from such Court, (d) agrees not to bring any action or proceeding arising out of or relating to the Settlement or this Stipulation in any other court, and (e) expressly waives, and agrees not to plead or to make any, argument that any such action or proceeding is subject (in

whole or in part) to a jury trial. Each of the Parties waives any defense of inconvenient forum to the maintenance of any action or proceeding brought in accordance with this paragraph.

10.14    Neither this Stipulation, nor the fact or any terms of the Settlement, is evidence, or a presumption, admission or concession by any Party in the Action or any other action or proceeding, any signatory hereto or any Defendant Released Persons, of any fault, liability or wrongdoing whatsoever, or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other action or proceeding. This Stipulation shall not be cited as a finding or evidence of the validity or invalidity of any claim or defense in the Action or any other action or proceeding, or any wrongdoing by any of the Defendants named therein or any damage or injury to any Class Member. Neither this Stipulation, nor any of the terms and provisions of this Stipulation, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statements in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence or finding of any liability, fault, wrongdoing, injury or damage, or of any wrongful conduct, act or omission on the part of any of the Defendant Released Persons, or of any infirmity of any defense, or of any damage to Lead Plaintiff or any Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Defendant Released Persons concerning any fact alleged or that could have been alleged, or any claim asserted or that could have been asserted in the Action, or of any purported liability, fault or wrongdoing of any of the Defendant Released Persons or of any injury or damages to any person or entity, or (b) otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that (i) this Stipulation and/or the Order and Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue that this Stipulation and/or the Order and Final Judgment has res judicata, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or the Order and Final Judgment and (ii)

Lead Plaintiff and Plaintiff's Counsel may refer to the final, executed version only of this Stipulation in connection with the Fee Application (in addition to any other documents or information they may utilize with respect to such Fee Application).

10.15    In the event of any dispute or disagreement with respect to the meaning, effect or interpretation of this Stipulation or an attached exhibit, or in the event of a claimed breach of this Stipulation or an attached exhibit, the Parties will attempt to resolve any such dispute in good faith. If the Parties fail to resolve the dispute, or in the event of a breach of the terms of the Settlement, any non-breaching Party shall be entitled to bring an action seeking to enforce those provisions, and the exclusive forum for any such actions shall be in this Court. The prevailing Party in any such action to enforce these provisions of the Settlement shall be entitled to recover their reasonable attorneys' fees and expenses incurred in connection with remedying the breach.

10.16    Lead Plaintiff and Defendants and their respective attorneys shall cooperate fully with one another in seeking the Court's approval of this Stipulation and the Settlement, and use their best efforts to effect, as promptly as practicable, the consummation of this Stipulation and the Settlement and the dismissal of the Action, including any and all complaints filed in the Action and the related Putative Securities Actions, with prejudice and without costs to any Party, except as provided herein.

10.17    Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of this Stipulation.

10.18    This Stipulation, together with any exhibits, shall be deemed to have been mutually prepared by the Parties and shall not be construed against any of them by reason of authorship.

10.19    Each of the attorneys executing this Stipulation on behalf of one or more of the Parties warrants and represents that he or she has been duly authorized and empowered to execute this Stipulation on behalf of each such Party.

Dated: September 13, 2018

| BLOCK & LEVITON, LLP | KING & SPALDING, LLP |
|---|---|
| Jeffrey C. Block<br>155 Federal Street, Suite 400<br>Boston, MA 02110<br>617-398-5600<br>jeff@blockesq.com<br><br>*Counsel for Lead Plaintiff and the Proposed Class* | Paul R. Bessette<br>Michael J. Biles<br>500 W. 2nd Street, Suite 1800<br>Austin, Texas 78701<br>pbessette@kslaw.com<br>mbiles@kslaw.com<br>512-457-2000<br>*Counsel for Defendants Global Scape, Inc., Matthew C. Goulet, David L. Mann, Frank M. Morgan and Thomas E. Hicks*<br><br>**BROPHY, EDMUNDSON, SHELTON & WEISS, PLLC**<br><br><br>Jesse Z. Weiss<br>210 Barton Springs Road, Suite 500<br>Austin, Texas 78704<br>jesse@beswlaw.com<br>512-596-3622<br>*Counsel for Defendant James W. Albrecht*<br><br>**DYKEMA GOSSETT PLLC**<br><br><br>Michael D. Bernard<br>112 E. Pecan Street, Suite 1800<br>San Antonio, Texas, 78205<br>mbernard@dykema.com<br>210-554-5519<br>*Counsel for Defendant Thomas W. Brown* |

Dated: September 13, 2018

| BLOCK & LEVITON, LLP | KING & SPALDING, LLP |
|---|---|
| Jeffrey C. Block<br>155 Federal Street, Suite 400<br>Boston, MA 02110<br>617-398-5600<br>jeff@blockesq.com<br><br>*Counsel for Lead Plaintiff and the Proposed Class* | Paul R. Bessette<br>Michael J. Biles<br>500 W. 2nd Street, Suite 1800<br>Austin, Texas 78701<br>pbessette@kslaw.com<br>mbiles@kslaw.com<br>512-457-2000<br>*Counsel for Defendants Global Scape, Inc., Matthew C. Goulet, David L. Mann, Frank M. Morgan and Thomas E. Hicks*<br><br>**BROPHY, EDMUNDSON, SHELTON & WEISS, PLLC**<br><br>Jesse Z. Weiss<br>210 Barton Springs Road, Suite 500<br>Austin, Texas 78704<br>jesse@beswlaw.com<br>512-596-3622<br>*Counsel for Defendant James W. Albrecht*<br><br>**DYKEMA GOSSETT PLLC**<br><br>Michael D. Bernard<br>112 E. Pecan Street, Suite 1800<br>San Antonio, Texas, 78205<br>mbernard@dykema.com<br>210-554-5519<br>*Counsel for Defendant Thomas W. Brown* |

Dated: August __, 2018

| **BLOCK & LEVITON, LLP** | **KING & SPALDING, LLP** |
| --- | --- |
| _____<br><br>Jeffrey C. Block<br>Jacob A. Walker<br>Nate Silver<br>155 Federal Street, Suite 400<br>Boston, MA 02110<br>617-398-5600<br>jeff@blockesq.com<br>jake@blockesq.com<br>nate@blockesq.com<br><br>*Counsel for Lead Plaintiff and the Proposed Class* | _____<br><br>Paul R. Bessette<br>Michael J. Biles<br>500 W. 2nd Street, Suite 1800<br>Austin, Texas 78701<br>pbessette@kslaw.com<br>mbiles@kslaw.com<br>512-457-2000<br>*Counsel for Defendants Global Scape, Inc., Matthew C. Goulet, David L. Mann, Frank M. Morgan and Thomas E. Hicks*<br><br>**BROPHY, EDMUNDSON, SHELTON & WEISS, PLLC**<br><br>_____<br><br>Jesse Z. Weiss<br>210 Burton Springs Road, Suite 500<br>Austin, Texas 78704<br>jesse@beswlaw.com<br>512-596-3622<br>*Counsel for Defendant James W. Albrecht*<br><br>**DYKEMA GOSSETT PLLC**<br><br>_____<br><br>Michael D. Bernard<br>112 E. Pecan Street, Suite 1800<br>San Antonio, Texas, 78205<br>mbernard@dykema.com<br>210-554-5519<br>*Counsel for Defendant Thomas W. Brown* |

EXHIBIT A(1)

*Rahman v. GlobalSCAPE, Inc., et al.*, Civ. No. 17-00753 (W.D. Tex.)
*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT.*
PLEASE VISIT WWW.XXXXXX.COM OR CALL [PHONE] FOR MORE INFORMATION

There is a proposed Settlement of claims against GlobalSCAPE, Inc., ("GlobaSCAPE") and certain of its officers and directors (collectively, "Defendants"). The proposed Settlement resolves a lawsuit in which Plaintiff alleges that Defendants misled investors by issuing false and misleading public statements between March 3, 2016 through and including August 7, 2017 (the "Class Period") and seeks money damages for violations of the federal securities laws. Defendants deny any wrongdoing. The parties have agreed to settle the case for $1.4 million. If approved by the Court, the Settlement will resolve the case against Defendants and will pay money to eligible Class Members.

**Who's Included?** You are included if you purchased shares of GlobaSCAPE on the New York Stock Exchange during the Class Period. You may have held these shares through a broker-dealer or other financial intermediary.

**What Can You Get?** The Settlement establishes a $1.4 million Settlement Fund that, after payment of certain Court-approved expenses, such as attorneys' fees and administration costs, is intended for distribution to Class Members in exchange for the settlement of this case and the release by Class Members of the claims described above and other related claims against the Defendants. The Settlement is explained in detail in the Long-Form Notice, and the Stipulation of Settlement, available at the website above or by calling the phone number above. The Proof of Claim is also located at the website listed above. Your share of the Settlement Fund will depend on a number of factors including the number of valid Proofs of Claim that Class Members submit, the number of shares of GlobalSCAPE shares that you purchased or sold during the Class Period and the dates of such purchases and sales. The exact amount, if any, of your payment will be determined according to a Court-approved Plan of Allocation (a proposed version of which is available at the website listed above). If every eligible Class Member sends in a valid Proof of Claim, the average recovery per share will be approximately $0.44 per share.

**How to Get Money?** To qualify for payment, you must submit a valid Proof of Claim to Rahman v. GlobalSCAPE, Claims Administrator, c/o_____. **PROOFS OF CLAIM ARE DUE BY _____.**

**Your Other Rights.** If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, 2018, or you will not be able to sue the Defendants for any claims relating to this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Class, you may object to the Settlement by _____. The Long-Form Notice, located at the website listed above, explains how to exclude yourself from or object to, the Settlement. The Court will hold a hearing in this case on _____ at _____ to consider whether to approve the Settlement Plan of Allocation, and a request by Lead Counsel for up to 25% of the Settlement Fund in attorneys fees plus reimbursement of expenses not to exceed $25,000, for litigating the case and negotiating the Settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. **If you do not take any action, you will be legally bound by the Settlement and any orders of Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute certain claims against the Defendants.**

For more information or a Claim Form: [PHONE] or www.xxxxxx.com

**Do not contact the Court, Defendants or their counsel in this Action with questions.**

### Court-Ordered Legal Notice

*This Notice may affect your legal rights.*
*Please read it carefully.*

Important Legal Notice authorized by the United States District Court for the Western District of Texas about Securities Class Action Settlement.

**If you purchased GlobalSCAPE, Inc. common stock on the NYSE during the period from March 3, 2016 through and including August 7, 2017, you may be entitled to a payment from a class action settlement.**

*You may be entitled to a*
*CASH payment.*

*www.[WEBSITE].com*

[Address]

PRST-STD
U.S. POSTAGE
PAID
CITY, ST
PERMIT NO. XXX

Postal Servce: Please Do Not Mark or Cover Code

[Name1]
[Addr2]
[City] [St] [Zip]
 [Country]

[Address]

PRST-STD
U.S. POSTAGE
PAID
CITY, ST
PERMIT NO. XXX

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| IRFAN RAHMAN, and ANTHONY GIOVAGNOLI, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. 5:17-cv-00753 |
| v. | |
| GLOBALSCAPE, INC., MATTHEW C. GOULET, and JAMES W. ALBRECHT, JR., THOMAS W. BROWN, DAVID L. MANN, FRANK M. MORGAN, and THOMAS E. HICKS, | |
| Defendants. | |

### NOTICE OF PENDENCY OF CLASS ACTION,
### PROPOSED SETTLEMENT, SETTLEMENT HEARING AND RIGHT TO APPEAR

**If you purchased GlobalSCAPE, Inc. common stock on the New York Stock Exchange at any time between and including March 3, 2016 and August 7, 2017, you could receive a payment from a proposed settlement of the above-captioned consolidated class action.**

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**The proposed settlement.** This Notice is to inform you of a proposed settlement (the "Settlement") of the above-captioned class action (the "Action") memorialized in the Stipulation and Agreement of Settlement dated September 13, 2018 (the "Stipulation") between and among the following parties in the Action: (i) Irfan Rahman ("Lead Plaintiff") and (ii) defendants GlobalSCAPE, Inc. ("GlobalSCAPE" or "Company"), Matthew C. Goulet, James W. Albrecht, Jr., Thomas W. Brown, and David L. Mann, and Frank M. Morgan and Thomas E. Hicks, (collectively, "Defendants" and with Lead Plaintiffs, each a "Party" and collectively, the "Parties") by and through their undersigned counsel.

**Securities, Class, and Class Period.** The Settlement class is comprised of: any and all record and beneficial holders of GlobalSCAPE common stock who purchased shares of GlobalSCAPE common stock on the New York Stock Exchange from March 3, 2016 through August 7, 2017, both dates inclusive, including their respective successors, predecessors, heirs, trustees, executors, administrators, assigns and transferees. Excluded from the Class are: Individuals named as defendants in the Action, GlobalSCAPE's current and former directors and officers and their immediate family members, and any entity in which Defendants has or had a

controlling interest. Also excluded from the Class is any person or entity who excludes themselves by filing a timely Request for Exclusion (defined below). The Class Period is the time-period between and including March 3, 2016 and August 7, 2017.

**Settlement Payment.** $1,400,000 in cash (the "Settlement Amount"). The "Settlement Fund" refers to the Settlement Amount plus all interest earned thereon.

**The lawsuit.** As discussed further below, the Settlement resolves the Action over whether Defendants knowingly or recklessly disseminated false and misleading information during the Class Period.

**Attorneys' fees and expenses.** Plaintiffs' Counsel (defined below) have litigated this Action on a contingent basis and have conducted this litigation and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiffs' Counsel will apply to the Court (defined below) for attorneys' fees not to exceed twenty-five percent of the Settlement Fund and reimbursement of expenses not to exceed $25,000, and a compensatory award to Lead Plaintiff not to exceed $5,000 (the "Fee Application"), all to be paid from the Settlement Fund. Lead Counsel's Fee Application will be filed with the Court on or before _____. If the above amounts are approved by the Court, the average cost per share of GlobalSCAPE common stock would be approximately $0.12 per share of GlobalSCAPE common stock that Plaintiffs have estimated are eligible for recovery in this action.

**Important Deadlines.**

To Submit a Proof of Claim                    _____
To Submit a Request for Exclusion            _____
To File and Serve an Objection               _____

**Court Settlement Hearing.** Will be held on _____.

**More information.** *Lead Counsel for Lead Plaintiff and the Class can be reached at:*

Jeffrey C. Block
Jacob A. Walker
**BLOCK & LEVITON LLP**
155 Federal Street, Suite 400
Boston, MA 02110
617 398-5600

**Additional information.** Additional information about the Settlement can be found at www._____.com/

**Your legal rights are affected whether you act or do not act.**
**Read this Notice carefully.**

## Statement of Recovery

Your individual recovery from the Settlement Fund will depend on various factors. Recovery will be shared, *pro rata*, among all Class Members who submit valid and timely Proof of Claims and who purchased GlobalSCAPE common stock from March 3, 2016 through August 7, 2017, both dates inclusive (the "Class Period") and suffered a recognized loss (defined herein). Lead Counsel (defined below) estimates that approximately 3.2 million shares of GlobalSCAPE common stock were purchased or otherwise acquired and potentially damaged during the Class Period. Based on the above, the average recovery per share of GlobalSCAPE common stock under the Settlement will be approximately $0.44 per share, *before* the deduction of attorneys' fees, costs, expenses, and a compensatory award to Lead Plaintiffs, as approved by the Court (defined below). The actual recovery per share will depend on (1) the number of claims filed; (2) whether members of the Class either sold their shares during the Class Period, or held their shares past the end of the Class Period; (3) administrative costs, including the costs of notice, for the Action; and (4) the amount awarded by the Court for attorneys' fees and expenses, and any compensatory award to Lead Plaintiff.

## Why the Lead Plaintiff Accepted the Settlement

The principal reason for Lead Plaintiff's consent to the Settlement is to provide a benefit to the Class. Lead Plaintiff's damages experts concluded that the likely total recoverable damages in this Action were between $1.5 million and $3.0 million. This Settlement recovers either 93% or 54% of the recoverable damages, depending on the resolution of certain legal issues. This benefit must be compared to the risk that no recovery might be achieved after contested motions (including a likely Motion to Dismiss and Motion for Summary Judgment), a contested trial, and likely appeals, possibly years into the future. Lead Counsel believed that the claims were meritorious, would survive these hurdles and would ultimately result in a verdict for the Class, but Defendants believed otherwise and maintained defenses to the allegations, and that Defendants engaged in no wrongdoing whatsoever. Lead Plaintiff and Lead Counsel recognized that especially here, where a jury would be required to listen to multiple experts presenting competing views, the jury could find in Defendants' favor. In addition, Lead Plaintiff and Lead Counsel recognized that even if they prevailed, they might not succeed in winning a jury verdict of the size of the Settlement Amount. The Settlement therefore enables the Class to recover a substantial amount without incurring any additional risk or costs.

page 3

Questions? Call 1-[_____] or visit
www.XXXXXXXXXXXXX.com

**Your Legal Rights and Options in this Settlement**

| SUBMIT A PROOF OF CLAIM | The only way to receive a payment. |
|---|---|
| EXCLUDE YOURSELF | Receive no payment. This is the only option that allows you to participate in another lawsuit against Defendants or the Defendant Released Persons (defined below) concerning the legal claims being released in the Action (defined below). |
| OBJECT | You may write to the Court (defined below) if you do not like anything about the Settlement including the plan of allocation for the Settlement Funds as set forth herein or the Fee Application. |
| GO TO A HEARING | You may ask to speak in Court (defined below) about the fairness of the Settlement. |
| DO NOTHING | Receive no payment and be prohibited from asserting any Plaintiffs' Settled Claims (defined below) against Defendants or any Defendant Released Persons (defined below). |

These rights and options – ***and the deadlines to exercise them*** – are explained in this Notice.

The Court (defined below) in charge of the Action must decide whether to approve the proposed Settlement. Payments will be made if the Court approves the proposed Settlement and, if there are any appeals, after they are resolved. Please be patient.

## Basic Information

**1.    Who does this Notice concern?**

If you purchased GlobalSCAPE common stock between March 3, 2016 and August 7, 2017, inclusive, you have a right to know about the proposed Settlement of the Action, and about all your options, before the Court (defined below) decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections or appeals are resolved, payments out of the Settlement Fund will be made.

This Notice package explains the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

**2.    What is the Action about?**

The case concerns allegedly false and misleading statements by GlobalSCAPE, which Lead Plaintiff alleged were motivated by a desire to report better than expected, or record earnings.

Lead Plaintiff alleged that GlobalSCAPE's former vice president of sales falsified a sales transaction at year-end 2016 so that GlobalSCAPE could meet its projected 2016 expectations. Lead Plaintiff alleged that the falsified sales transaction caused the Defendants' to issue false and misleading financial statements.

On August 9, 2017, Anthony Giovagnoli ("Giovagnoli") filed a class action complaint in the United States District Court for the Western District of Texas (the "District Court" or "Court") naming GlobalSCAPE, Goulet (GlobalSCAPE's Chief Executive Officer) and Albrecht (its Chief Financial Officer, Executive Vice President, and Treasurer) as Defendants. Giovagnoli brought claims for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (the "SEC"), 17 C.F.R. § 240.10b-5.

Giovagnoli brought his Complaint on behalf of a class of purchasers of the Company's common stock between January 26, 2017, and August 7, 2017, inclusive.

On October 10, 2017, within 60 days of publication of Giovagnoli's notice of suit under 15 U.S.C. § 78u-4(3)(A)(i)(II), motions for the appointment of lead plaintiff were filed by Lead Plaintiff, as well as by another putative plaintiff, Brian Fong ("Fong").

On October 24, 2017, the Court took both motions under advisement and ordered Fong and Lead Plaintiff to advise the Court as to whether they were seeking exclusive individual status as lead plaintiff, or if they were seeking to be named co-lead plaintiffs, by October 31, 2017. On October 31, 2017, Lead Plaintiff filed a Response stating that he sought to be named exclusive Lead Plaintiff. Fong did not respond to the Court's order.

On November 6, 2017 the Court appointed Lead Plaintiff, and also selected Block & Leviton, LLP as lead counsel ("Lead Counsel") and the Kendall Law Group as liaison counsel.

Lead Plaintiff purchased GlobalSCAPE common stock during the Class Period (defined below) and suffered losses on those purchases.

Lead Plaintiff filed an Amended Complaint on July 26, 2018. The Amended Complaint added defendants Brown (the Chairman of GlobalSCAPE's Board of Directors) and Mann (a member of the Board, and Chairman of the Board's Audit Committee) as well as defendants Morgan and Hicks, who are members of the Board and the Audit Committee.

The Amended Complaint alleged violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder against GlobalSCAPE and the Individual Defendants, and violations of Section 20(a) of the Exchange Act against the Individual Defendants and the Control Person Defendants.

Between June and August 2018, the Parties engaged in arms'-length settlement negotiations. On August 9, 2018, following these negotiations the Parties executed a Memorandum of Understanding, setting forth the basic terms of a settlement of this Action.

page 5

Questions? Call 1-[_____] or visit
www.XXXXXXXXXXXXX.com

On _____, 2018, the Court authorized this Notice to be sent to potential Class Members and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Lead Plaintiff in this Action. Defendants expressly deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in this litigation. Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or Class members have suffered damages, or were otherwise harmed by the conduct alleged in this litigation. Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations and laws. This Settlement, whether or not consummated, any proceedings relating to this settlement, or any of the terms of this settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of Defendants or any of the Released Persons with respect to any claim of any liability or damage whatsoever, or any infirmity in any claim or defense. Defendants are entering into this Settlement to eliminate the burden, expense, uncertainty, distraction and risk of further litigation.

## 3.    Why is the Action a Class Action?

In a class action, one or more people called class representatives (in this case the Court appointed the Lead Plaintiff as class representative) sue on behalf of people who have similar claims. All of these people who have similar claims are referred to collectively as the Class, or individually as members of the Class. One court resolves the issues for all members of the Class, except for those who exclude themselves from the Settlement. Judge Xavier Rodriguez of the United States District Court for the Western District of Texas is overseeing this class action.

## 4.    Why is there a Settlement?

The Court did not decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to the Settlement. That way, they avoid the costs, risks and uncertainties of further litigation and trial. As explained above, Lead Plaintiff and his attorneys think the Settlement is best for all members of the Class.

## 5.    Who is in the Settlement?

To see if you will receive money from the Settlement, you first have to determine if you are a member of the Class.

## 6.    How do I know if I am part of the Settlement?

The Class includes any and all persons or entities who purchased shares of GlobalSCAPE common stock on the New York Stock Exchange during the period from March 3, 2016 through August 7, 2017, both dates inclusive, including their respective successors, predecessors, heirs, trustees, executors, administrators, assigns, and transferees

If you sold GlobalSCAPE common stock between and including March 3, 2016 through August 7, 2017, that alone does not make you a Class Member. You are a Class Member only if you purchased or otherwise acquired GlobalSCAPE common stock during the Class Period.

If one of your mutual funds purchased or owns shares of GlobalSCAPE common stock, that alone does not make you a Class Member.

**Receipt of this Notice does not necessarily mean that you are a Class Member or that you are eligible to receive the proceeds from the Settlement. If you wish to participate in the Settlement, you must submit the enclosed Proof of Claim postmarked no later than _____.**

**7.      What are the exceptions to being included?**

Excluded from the Class are: Individuals named as defendants in the Action at the time of settlement, GlobalSCAPE's current and former directors and officers and their immediate family members, including legal representatives, heirs, successors, or assigns, and any other entity in which a Defendant has or had a controlling interest. Also excluded from the Class is any person or entity who excludes themselves by filing a timely Request for Exclusion (defined below).

**8.      What if I am still not sure if I am included?**

If you are still not sure whether you are included, you can ask for free help. You can call the claims administrator, A.B. Data, Ltd. (the "Claims Administrator"), at _____, write to the Claims Administrator at, *Rahman v. GlobalSCAPE, Inc.,* care of _____, or email the Claims Administrator at XXX@XXXXX.com for more information. Or, you can fill out and return the Proof of Claim described in Question 10 to see if you qualify.

You can also contact Lead Counsel by telephone or in writing as noted on page 2 of this Notice.

### The Settlement Benefits – What You Receive

**9.      What does the Settlement provide?**

The Settlement provides for a $1,400,000 cash payment that will establish the Settlement Fund. The balance of the Settlement Fund, after payment of Court-approved attorneys' fees and expenses, a compensatory award to Lead Plaintiffs, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing a summary notice, will be divided among all members of the Class who submit valid Proof of Claim (defined below) forms.

### How You Receive A Payment – Submitting A Proof of Claim Form

**10.      How will I receive a payment?**

To qualify for payment, you must be an eligible member of the Class and you must submit a Proof of Claim and Release form ("Proof(s) of Claim"). A Proof of Claim is available at the

website www.XXXXX.com, or by calling _____. Read the instructions carefully, fill out the form, include all the documents the form requests, sign it, and submit it postmarked by no later than _____. Any Class Member who fails to submit a Proof of Claim postmarked by such date shall be forever barred from receiving any distribution from the Settlement Fund (unless by order of the Court the deadline to submit a Proof of Claim is extended or such Class Member's Proof of Claim is accepted), but otherwise shall be bound by all of the terms of the Stipulation and the Settlement, including the releases in the Stipulation and described therein, and will be permanently barred and enjoined from bringing any action against any and all Defendant Released Persons (defined below) concerning any and all of Plaintiffs' Settled Claims (defined below).

Retain a copy of everything you mail in case the materials are lost or destroyed during shipping.

A Proof of Claim shall be deemed to be submitted when postmarked, if mailed by first-class mail or registered or certified mail, postage prepaid, and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted on the date when received by the Claims Administrator.

Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with the Stipulation and the plan of allocation of the Settlement Fund outlined herein the extent, if any, to which each Proof of Claim shall be allowed, subject to review by the Court, as necessary, as outlined below.

Proofs of Claim that do not meet the submission requirements may be rejected. Only timely and valid Proof of Claim forms will be approved for payment ("Authorized Claimant(s)"). Prior to rejecting a Proof of Claim, in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim the Claims Administrator proposes to reject, in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Proof of Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements outlined below.

If any Claimant whose Proof of Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice described above and required, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Proof of Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim, and the Proof of Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Proof of Claim. No discovery shall be allowed on the merits of the Action or of the Settlement in connection with the processing of Proofs of Claim.

Questions? Call 1-[_____] or visit
www.XXXXXXXXXXXX.com

Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Proofs of Claim submitted; (b) approving payment of any administrative fees and expenses associated with the administration of the Settlement Fund, and (c) if the effective date of the Settlement has occurred, directing payment to any Authorized Claimant. Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members. All Class Members whose Proofs of Claim are not approved by the Court for payment shall be barred from participating in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of the Stipulation and the Settlement, including the releases in the Stipulation and described, and will be permanently barred and enjoined from bringing any action against any and all Defendant Released Persons (defined below) concerning any and all of Plaintiffs' Settled Claims (defined below).

No person or entity shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Counsel and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation of the Settlement Fund described herein or any order of the Court. Lead Plaintiffs and Lead Counsel shall have no liability whatsoever for the investment of the Settlement Amount or the Settlement Fund, the determination, administration, calculation or payment of any claim by the Claims Administrator or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties), or any losses incurred in connection therewith.

No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties to the Settlement or their counsel; nor is any representation or warranty in this regard made by virtue of the Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

All proceedings with respect to the administration, processing and determination of Proofs of Claim and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Proofs of Claim, shall be subject to the jurisdiction of the Court and shall be decided by the Court.

### Allocation of Settlement Fund Among Members of the Class

**11.    How much will my payment be?**

If you are entitled to a payment, your share of the Settlement Fund will depend on the number of Authorized Claimants, how many shares of GlobalSCAPE common stock you purchased and/or acquired, and when you purchased, acquired, and/or sold your shares. Payments will be calculated on a *pro rata* basis. The Claims Administrator will distribute the Settlement Fund, less all administrative costs, including the costs of notice, and attorneys' fees and expenses, and any compensatory award to Lead Plaintiffs, as awarded by the Court, on a *pro rata* basis after the deadline for submission of Proof of Claim forms has passed.

The Claims Administrator shall determine the amount a Claimant who is entitled to receive a payment from the Settlement Fund is entitled to receive based upon a plan of allocation. This plan of allocation is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid pursuant to the Settlement. The plan of allocation is the basis upon which the Settlement Fund will be proportionately allocated to the Claimants entitled to receive payment on a *pro rata* basis. The claims administrator will use the actual trade date, not the settlement date, to determine eligibility.

For each share of GlobalSCAPE common stock purchased or acquired at any time between March 3, 2016 and August 7, 2017, the "Recognized Loss" will be calculated as follows:

For shares purchased between March 3, 2016 and January 25, 2017, and held or sold on or after August 8, 2017, the Recognized Loss will be $0.22.

For shares purchased between January 26, 2017 and August 7, 2018, and held or sold on or after August 8, 2017, the Recognized Loss will be $1.06.

If you purchased GlobalSCAPE common stock after March 3, 2016, but sold those shares on or before August 7, 2017, you are not entitled to any recovery in the Settlement.

If a Class Member acquired GlobalSCAPE common stock during the Class Period by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that GlobalSCAPE common stock was originally purchased prior to the start of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Each Authorized Claimant shall be paid their *pro rata* share of the Settlement Fund, which is the percentage that each Authorized Claimant's Recognized Loss bears to the total of the claims of all Authorized Claimants. For purposes of calculating Recognized Loss shares will be matched on a first in, first out ("FIFO") basis. Claims which result in a payment of less than $10 will be deemed to be *de minimis* and will not be issued. No Recognized Loss will be calculated for any purchase of GlobalSCAPE common stock to cover a short sale and Class Members who have an overall market gain in their trading of GlobalSCAPE common stock will be deemed to have no Recognized Loss.

To the extent that any amount of the Settlement Fund remains after the Claims Administrator has caused distributions to be made to all Authorized Claimants whether by reason of uncashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions, after payment of any unpaid Taxes and Tax Expenses or any unpaid costs or fees incurred in administering the Settlement Fund for such re-distribution if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses that would be incurred with respect to such re-distributions, would be cost-effective. Additional re-distributions to Authorized Claimants who have cashed their prior distribution checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that

page 10

Questions? Call 1-[_____] or visit
www.XXXXXXXXXXXX.com

additional re-distributions, after the deduction of any additional fees and expenses that would be incurred with respect to such re-distributions, would be cost effective. At such time as it is determined that the re-distribution of funds remaining in the Settlement Fund is not cost-effective, the remaining balance in the Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and Defense Counsel and approved by the Court.

## 12.    When will I receive my payment?

The Court will hold a Settlement Hearing (defined below) on _____, to decide, among other things, whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals, if any, can be resolved, and resolving them can take time, perhaps several years. In addition, the Claims Administrator must process all of the Proofs of Claim. The processing is complicated and will take many months. Please be patient.

## 13.    What am I giving up by staying in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Defendant Released Persons (defined below) about the claims being released in the Settlement. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this Action against Defendants.

If the Settlement (including any modifications made with the consent of the parties as provided for herein) is approved by the Court, following the Settlement Hearing, as being fair, reasonable, adequate and in the best interests of the Class, the Parties shall jointly request that the Court enter the order and final judgment (the "Order and Final Judgment"), which shall dismiss the Action with prejudice and barring, among other things, any and all actions, causes of action, claims (including Unknown Claims (defined below)), demands, rights, disputes, suits, matters, damages, losses, costs, expenses, obligations, proceedings, issues, judgments, and liabilities of every nature and description whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, foreseen or unforeseen, liquidated or unliquidated, accrued or unaccrued, matured or unmatured, concealed or hidden, at law or in equity, whether class, individual, direct, derivative, representative, legal, or equitable, against Defendant Released Persons, arising under federal, state, common or foreign law, including the federal securities laws and any state disclosure law, or at equity, that (a) Lead Plaintiff or any Class Member have asserted in this Action, or could have asserted in the Action or in any other proceeding or forum that concern, arise out of, refer to, are based upon, or are related in any way to the allegations, events, acts, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth or referred to in the Complaint or the Action, including, without limitation, all of Defendants' public filings and statements cited therein; (b) would have been barred by res judicata or collateral estoppel had the Action been fully litigated to a final judgment; or (c) could have been, or in the future could be, asserted in any forum or proceeding or otherwise by Lead Plaintiff or any Class Member that relate to purchase, sale, acquisition or holding of GlobalSCAPE common stock during the Class Period; provided, however, that the Plaintiffs' Settled Claims shall not release any claims to enforce the Settlement.

The entry of the Order and Final Judgment shall also bar and release any and all claims (including Unknown Claims), for damages, injunctive relief, or any other remedies against Plaintiff Released Persons based upon, arising from, or related to the prosecution and/or settlement of the Action and the Putative Securities Actions by Defendants, including any claim or assertion that Federal Rule of Civil Procedure 11 was violated in any matter; provided, however, that the Defendants' Settled Claims shall not release any claims to enforce the Settlement.

The releases contemplated above will extend to all claims that Lead Plaintiff and the Class Members and Defendants do not know or suspect to exist at the time of the releases, which, if known, might have affected the decision to enter into the releases and participate in the Settlement. Additionally, the Order and Final Judgment will include a provision that Defendants and Lead Plaintiff acknowledge, and each of the Class Members by operation of law shall be deemed to have acknowledged, that any or all of them may discover facts in addition to or different from those now known or believed to be true by them with respect to the subject matter of Plaintiffs' Settled Claims and Defendants' Settled Claims, but that it is the intention of Defendants, Lead Plaintiff, and by operation of law the intention of each of the Class Members, to completely, fully, finally, and forever compromise, settle, release, discharge, extinguish, and dismiss any and all Plaintiffs' Settled Claims and Defendants' Settled Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore have existed, including, but not limited to, claims relating to conduct that is negligent, reckless, intentional, with or without malice, or any breach of any duty, law or rule, without regard to the subsequent discovery of additional or different facts. Defendants and Lead Plaintiff acknowledge, and each of the Class Members by operation of law shall be deemed to have acknowledged, that "Unknown Claims" are expressly included in the definition of "Plaintiffs' Settled Claims" and "Defendants' Settled Claims," and that such inclusion was expressly bargained for and was a material element of the Settlement and was relied upon by Lead Plaintiff and Defendants in entering into the Settlement. "Unknown Claims" means any claim that Defendants, Lead Plaintiff, or any Class Member does not know or suspect exists in his, her, or its favor at the time of the release of the Plaintiffs' Settled Claims and Defendants' Settled Claims as against the Defendant Released Persons and Plaintiff Released Persons, respectively, including without limitation those which, if known, might have affected the decision to enter into the Settlement, or not to object to this Settlement, or not to exclude himself, herself or itself from the Class.

The Settlement is intended to extinguish all of the Plaintiffs' Settled Claims and the Defendants' Settled Claims and, consistent with such intention, upon the Effective Date, Defendants and Lead Plaintiffs expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, the provisions, rights and benefits of any state, federal, or foreign law or principle of common law, which may have the effect of limiting the releases set forth above. This shall include a waiver by the Lead Plaintiff and each of the Class Members and Defendants of any rights pursuant to section 1542 of the California Civil Code (or any similar, comparable, or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING**

**THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Defendants and Lead Plaintiff acknowledge, and each of the Class Members shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and was a material element of the Settlement and was relied upon by each and all of the Defendants and Lead Plaintiff in entering into the Settlement.

### Excluding Yourself From The Settlement

If you do not want a payment from the Settlement and you want to keep the right to sue or continue to sue Defendants on your own about the claims being released in the Settlement, then you must take steps to exclude yourself from the Settlement. This is referred to as "opting out" of the Class.

**14.    How do I exclude myself from the Settlement?**

To opt out of the Settlement, you must make a request for exclusion (the "Request(s) for Exclusion") stating that you want to be excluded from the Settlement.

The Request for Exclusion must be made by letter, and must be submitted to the Claims Administrator by no later than _____, and must state: (i) the name, address, and telephone number of the member of the Class requesting exclusion; (ii) the purchases, acquisitions, and sales of GlobalSCAPE common stock made by the Class Member during the Class Period, including the dates, the number of shares of common stock, and price paid or received per share for each purchase, acquisition or sale; and (iii) that the member of the Class wishes to be excluded from the Class. Requests for Exclusion must also be signed by the Class Member requesting exclusion. All Class Members who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or Order and Final Judgment.

Again, you must submit your exclusion request by no later than _____, 2018 to:

*Rahman v. GlobalSCAPE, Inc.*
XXXX
P.O. Box [XXXX]
XXX, XX XXXXX-[XXXX]

Requests for Exclusion shall be deemed to have been submitted when postmarked, if mailed by first-class, or registered or certified mail, postage prepaid. All other Requests for Exclusion shall be deemed to have been submitted on the date they are received by the Claims Administrator.

Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping.

You cannot exclude yourself over the phone or by e-mail.

If you ask to be excluded, you are not eligible to receive any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

**15.    If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendants or the Defendant Released Persons for the claims being released by the Settlement. If you have a pending lawsuit relating to the claims being released in the Action against any of Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is _____.

**16.    If I exclude myself, can I receive a payment from the Settlement?**

No. If you exclude yourself, do not send a Proof of Claim form. But, you may sue, continue to sue, or be part of a different lawsuit asserting the claims being released in the Settlement against Defendants or the Defendant Released Persons.

### The Lawyers Representing You

**17.    Do I have a lawyer in the Action?**

The Court has appointed Block & Leviton LLP as Lead Counsel in the Action, and this firm represents you and the other members of the Class. You will not be directly charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.    How will the lawyers be paid?**

Plaintiffs' Counsel will apply to the Court, collectively, for attorneys' fees not to exceed twenty-five percent of the Settlement Fund plus reimbursement of expenses not to exceed $25,000, and a compensatory award to Lead Plaintiff not to exceed $5,000. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for its efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel has not been paid for its services for conducting this litigation on behalf of Lead Plaintiffs and the Class nor for its substantial expenses. The fee requested will compensate Lead Counsel for its work in achieving the Settlement Fund. The Court may, however, award less than this amount.

### Objecting to the Settlement

You can tell the Court that you do not agree with the Settlement or some part of it.

**19.     How do I tell the Court that I do not like the Settlement?**

If you are a member of the Class, you can object to the Settlement, if you do not like any part of it, or to the Fee Application. To object, you must file with the Court by _____, and simultaneously with, or before such filing, serve by hand or overnight delivery upon Lead Counsel and Defendants' Counsel as identified by this Notice: (i) written notice of the intention to appear, identifying the name, address and telephone number of the objector and, if represented, the objector's counsel; (ii) proof of membership in the Class including a listing of all shares of GlobalSCAPE common stock purchased, acquired or sold between and including March 3, 2016 and August 7, 2017, including the amount and date of each purchase or sale and the price paid and/or received; (iii) a signed detailed statement by the objector of his, her or its objections to any matters before the Court; (iv) a written statement of all of the grounds for the objections, accompanied by any legal support for such objections, and reasons that the objector desires to appear and be heard; (v) copies of any papers, briefs or other documents upon which the objections are based; (vi) a list of all persons who will be called to testify in support of the objections; (vii) a statement of whether the objector intends to appear at the Settlement Hearing; (viii) a list of other cases in which the objector or the objector's counsel has appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (ix) all documents and writings which such objector desires the Court to consider. If you intend to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Settlement Hearing.

Such papers must be filed with the Court at the following address:

Clerk of Court
United States District Court, Western District of Texas
665 E. Cesar E. Chavez Blvd, Room G65
San Antonio, Texas, 78206

Such filings shall also be served on the following counsel by hand or overnight delivery:

*Lead Counsel for Lead Plaintiffs and the Class*

Jeffrey C. Block
Jacob A. Walker
Block & Leviton LLP
155 Federal Street, Suite 400
Boston, MA 02110

*Counsel for Defendants Global Scape, Inc., Matthew C. Goulet, David L. Mann, Frank M. Morgan and Thomas E. Hicks*

Paul R. Bessette
Michael J. Biles
King & Spalding, LLP
500 W. 2nd Street, Suite 1800

Austin, Texas 78701

*Counsel for Defendant James W. Albrecht*

Jesse Z. Weiss
Brophy, Edmundson, Shelton & Weiss, PLLC
210 Burton Springs Road, Suite 500
Austin, Texas 78704

*Counsel for Defendant Thomas W. Brown*

Michael D. Bernard
Dykema Gossett PLLC
112 E. Pecan Street, Suite 1800
San Antonio, Texas, 78205

If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Settlement Hearing. Any person or entity objecting to the Settlement shall submit to the Court's jurisdiction and agrees that the Parties may depose the person or entity about their objection. Unless the Court otherwise directs, no person or entity shall be entitled to object to the approval of the Settlement, any judgment entered thereon, the adequacy of the representation of the Class by Lead Plaintiffs and Lead Counsel, any award of attorneys' fees and expenses, any compensatory award to Lead Plaintiffs, the allocation of the Settlement Fund or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described above. Any person or entity who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in the Action or any other proceeding. Simultaneously with, or before such filing, such papers shall be served by hand or overnight delivery upon the counsel to Lead Plaintiffs and Defendants as identified in this Notice.

The Parties shall file any papers, including memoranda or briefs, in response to any objections no later than five (5) business days prior to the Settlement Hearing.

## 20. What is the difference between objecting to the settlement and being excluded from the Settlement?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class and the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

Questions? Call 1-[_____] or visit
www.XXXXXXXXXXXXX.com

## The Court's Settlement Hearing

**21.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a settlement hearing (the "Settlement Hearing") at _____, on _____, at the United States District Court for the Western District of Texas, 665 E. Cesar E. Chavez Blvd, San Antonio, Texas, 78206. At this hearing, the Court will, among other things: (i) determine whether the Class as defined above should be certified pursuant to Federal Rule of Civil Procedure 23(b)(3); (ii) determine whether the proposed Settlement should be approved as fair, reasonable, adequate and in the best interests of the Class; (iii) determine whether all of Lead Plaintiff's and the Class' claims should be dismissed with prejudice; (iv) determine whether the proposed Order and Final Judgment approving the Settlement should be entered; (v) determine whether, and in what amount, an award of attorneys' fees and expenses should be paid to Plaintiffs' Counsel, and a compensatory award paid to Lead Plaintiff; (vi) consider any objections to the proposed Settlement or to Plaintiffs' Counsels' application for an award of attorneys' fees and expenses, or a compensatory award to Lead Plaintiff; and (vii) rule on such other matters as the Court may deem necessary and appropriate.

The Court has the right to adjourn the Settlement Hearing or any element thereof, including the consideration of the Fee Application, without further notice of any kind to the Class.

The Court has the right to approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to the Class.

**22.    Do I have to come to the Settlement Hearing?**

No. Lead Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed and served your written objection on time as explained in Question 19, the Court will consider it. You may also retain your own lawyer to attend, but it is not necessary.

**23.    May I speak at the Settlement Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing. To do so, as explained in Question 19, you must file and serve a written notice of your intention to appear. You cannot speak at the Settlement Hearing if you exclude yourself from the Settlement.

### If You Do Nothing

**24.    What happens if I do nothing at all?**

If you do nothing, you will receive no money from the Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Defendants or the Defendant Released Persons about the claims being released in the Settlement. All members of the Class who do not submit valid and timely Proof of Claim forms shall be forever barred from receiving any payments from the Settlement, but will in all other

respects be subject to and bound by the provisions of the Stipulation and any Order and Final Judgment entered.

## Obtaining More Information

**25. Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Stipulation. You can obtain a copy of the Stipulation or more information about the Settlement by visiting www._____.com or by contacting Lead Counsel by telephone or in writing as noted on page 2 of this Notice. You can also obtain a copy of the Stipulation from the Clerk's office at the United States District Court for the Western District of Texas, 665 E. Cesar E. Chavez Blvd, Room G65, San Antonio, Texas, 78206.

## DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.

## SPECIAL NOTICE TO NOMINEES

If you hold shares of any GlobalSCAPE common stock purchased or otherwise acquired at any time between and including March 3, 2016 and August 7, 2017, as nominee for a beneficial owner, then within ten (10) calendar days after you receive this Notice, you must either (1) send a copy of this Notice by first-class mail to all such persons or entities; or (2) provide a list of the names and addresses of such persons or entities to the Claims Administrator:

*Rahman v. GlobalSCAPE, Inc.*
c/o XXXXXX
P.O. Box. [xxxx]
XXXX, XX XXXXX-[xxxx]

If you choose to mail this Notice and the Proof of Claim for yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding this Notice, and which would not have been incurred but for the obligation to forward this notice, upon submission of appropriate documentation to the Claims Administrator.

_____, 2018                BY ORDER OF THE UNITED STATES
                                          DISTRICT COURT, WESTERN DISTRICT
                                          OF TEXAS

EXHIBIT A(3)

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

IRFAN RAHMAN, and ANTHONY
GIOVAGNOLI, Individually and On Behalf
of All Others Similarly Situated,

                Plaintiff,

      v.

GLOBALSCAPE, INC., MATTHEW C.
GOULET, and JAMES W. ALBRECHT,
JR., THOMAS W. BROWN, DAVID L.
MANN, FRANK M. MORGAN, and
THOMAS E. HICKS,

                Defendants.

Case No. 5:17-cv-00753

### Proof of Claim and Release

*General Instructions*

- This Proof of Claim and Release form ("Proof(s) of Claim") incorporates by reference the definitions in the Notice of Pendency of Class Action, Proposed Settlement, Settlement Hearing and Right to Appear (the "Notice") and, unless defined herein, capitalized words and terms shall have the same meanings as they have in the Notice.

- To recover as a member of the Class based on your claims in the above-captioned class action (the "Action"), you must complete this Proof of Claim. If you fail to file a properly addressed (as set forth below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

- Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement (defined below) in the Action.

- **You must submit your completed and signed Proof of Claim to the Claims Administrator postmarked no later than _____, 2018, addressed as follows:**

*Rahman v. GlobalSCAPE, Inc.*
***c/o XXXXXX.***
***P.O. Box [xxxx]***
***XXXX, XX XXXXX-[xxxx]***

*Questions? Call 1-[_____] or visit*
*www.XXXXXXXXXXXX.com*

A Proof of Claim shall be deemed to have been submitted when postmarked, if mailed by first-class, or registered or certified mail, postage prepaid, and addressed in accordance with the instructions thereon. All other Proofs of Claim and shall be deemed to have been submitted at the time they are actually received by the Claims Administrator.

If you are **NOT** a member of the Class, as defined in the Notice, **DO NOT** submit a Proof of Claim.

- If you are a member of the Class, you are bound by the terms of any Order and Final Judgment entered in the Action **whether or not you submit a Proof of Claim.**

### *Claimant Identification*

- If you purchased GlobalSCAPE, Inc. ("GlobalSCAPE ") common stock on the New York Stock Exchange any time between and including March 3, 2016 and August 7, 2017 (the "Class Period"), and held (or hold) the stock certificate(s) in your name, you are the beneficial owner as well as the record owner. If, however, the stock certificate(s) were or are registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

- Use Part I of this form, entitled "Claimant Identification" to identify each purchaser or seller of record ("nominee"), if different from the beneficial purchaser of the GlobalSCAPE common stock which forms the basis of this claim. THIS PROOF OF CLAIM FORM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE GLOBALSCAPE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

- All joint purchasers must sign this Proof of Claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim on behalf of persons represented by them and their authority must accompany this Proof of Claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### *Claim Form*

- Use Part II of the form entitled "Schedule of Transactions in GlobalSCAPE Common Stock" to supply all required details of your transaction(s) in GlobalSCAPE common stock. If you need more space, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

- Please provide all of the requested information with respect to ***all*** of your purchases, acquisitions, and sales of GlobalSCAPE common stock which took place during the Class

Period, whether such transactions resulted in a profit or loss. Failure to report all such transactions may result in the rejection of your claim.

- List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

- You must submit documentation for your trading history. Acceptable documentation may include: (a) monthly stock brokerage or other investment account statements; (b) trade confirmation slips; (c) a signed letter from your broker on firm letterhead verifying the information you are providing; or (d) other equivalent proof of your transactions. **Do not send originals.** Broker confirmations or other documentation of your transactions in GlobalSCAPE common stock should be attached to your claim. Failure to provide this documentation could delay verification or your claim or result in rejection of your claim.

- The requests are designed to provide the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at claimant's cost.

- **Notice Regarding Electronic Files**: Certain institutional filers with large numbers of transactions may request, or may be requested to, submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you wish to file your Proof of Claim electronically, you must contact the Claims Administrator at 1 (xxx) xxx-xxxx, or info@XXXXXXXXXXXX.com, or visit the Settlement website at www.XXXX.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## PROOF OF CLAIM FORM

Use Blue or Black Ink Only

**PART I.  CLAIMANT IDENTIFICATION** - Complete either Section A or B and then proceed to C.  Please type or print.

**A.  Complete this Section ONLY if the Beneficial Owner is an individual, joint, or IRA account.  Otherwise, proceed to B.**

Name of Beneficial Owner (First, Middle, Last):

Name of Joint Beneficial Owner, if any (First, Middle, Last):

Name of IRA Custodian, if applicable:

**B.  Complete this Section ONLY if the Beneficial Owner is an Entity; i.e., corporation, trust, etc.  Then, proceed to C.**

Name of Entity if Beneficial Owner is an entity, *e.g.,* corporation, trustee, estate, etc.:

Name of Representative, if applicable (administrator, trustee, c/o, etc.):

**C.  Account / Mailing Information**

Street Address:

City:                    State:                    Zip Code:

Foreign Province and Postal Code:                    Country:

E-mail Address:                    Telephone No.:

Account Number / Fund Number (not necessary for individual filers):

Taxpayer Identification Number for Beneficial Owner(s)

Social Security No. (for individuals):                    Taxpayer Identification No.:

4

*Questions? Call 1-[_____] or visit*
*www.XXXXXXXXXXXXXXXX.com*

## PART II.  SCHEDULE OF TRANSACTIONS IN GLOBALSCAPE COMMON STOCK

Number of shares of GlobalSCAPE common stock held at the open of trading on March 3, 2016:
_____

*(If none, write "zero" or "0"; if other than zero, this must be documented):*

**List each individual purchase or acquisition of GlobalSCAPE common stock between and including March 3, 2016 and August 7, 2017, as follows:**

| Trade Date (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase Price Per Share | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**List each individual sale of GlobalSCAPE common stock between and including March 3, 2016 and August 7, 2017, as follows:**

| Trade Date (Month/Day/Year) | Number of Shares Sold | Sales Price Per Share | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**Number of shares of GlobalSCAPE common stock held at the close of trading on August 7, 2017:**
_____

*(If none, write "zero" or "0"; if other than zero, this must be documented):*

*Questions? Call 1-[_____] or visit*
*www.XXXXXXXXXXXXXXXX.com*

## PART III:  SUBMISSION TO JURISDICTION OF COURT, ACKNOWLEDGEMENTS AND RELEASES

**Please review the following submission to jurisdiction and sign below on page _.**

I (we) submit this Proof of Claim under the terms of the Stipulation of Settlement dated as of September 13, 2018 ("Stipulation"), and in connection with the settlement (the "Settlement") of claims against GlobalSCAPE, Matthew C. Goulet, James W. Albrecht, Jr., Thomas W. Brown, and David L. Mann, and Frank M. Morgan and Thomas E. Hicks, (collectively, "Defendants") contemplated therein. I (we) also submit to the jurisdiction of the United States District Court for the Western District of Texas, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any Order and Final Judgment (defined below) that may be entered in the Action. I (we) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (we) have not submitted any other claim covering the same purchases, acquisitions, and sales of GlobalSCAPE common stock during the Class Period and know of no other person or entity having done so on my (our) behalf.

**Please review the following release for claims against Defendants and sign below on page _.**

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever waive, settle, release, relinquish, discharge and dismiss all of the Plaintiffs' Settled Claims against each and all of the Defendants and the Defendant Released Persons as contemplated in the Stipulation.

The Stipulation contemplates the issuance of an order and final judgment (the "Order and Final Judgment"), which shall dismiss the Action with prejudice and bar, among other things, any and all actions, causes of action, claims (including Unknown Claims), demands, rights, disputes, suits, matters, damages, losses, costs, expenses, obligations, proceedings, issues, judgments, and or liabilities of every nature and description whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, foreseen or unforeseen, liquidated or unliquidated, accrued or unaccrued, matured or unmatured, concealed or hidden, at law or in equity, whether class, individual, direct, derivative, representative, legal, or equitable  against Defendant Released Persons arising under federal, state, common or foreign law, including the federal securities laws and any state disclosure law, or at equity, that (a) Lead Plaintiff or any Class Member have asserted in this Action, or could have asserted in the Action or in any other proceeding or forum that concern, arise out of, refer to, are based upon, or are related in any way to the allegations, events, acts, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth or referred to in the Complaint or Amended Complaint, including, without limitation, all of Defendants' public filings and statements cited therein; (b) would have been barred by res judicata or collateral estoppel had this Action been fully litigated to a final judgment; or (c) could have been, or in the future could be, asserted in any forum or proceeding or otherwise by Lead Plaintiff or any Class Member that relate to purchase, sale, acquisition or holding of GlobalSCAPE common stock during the Class Period (the "Plaintiffs' Settled Claims"); provided, however, that the Plaintiffs' Settled Claims shall not release any claims to enforce the Settlement.

Unknown Claims are expressly included in the definition of Plaintiffs' Settled Claims, and that such inclusion was expressly bargained for and was a material element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation. "Unknown Claims" means any claim that Defendants, Lead Plaintiffs, or any Class Member does not know or suspect exists in his, her, or its favor at the time of the release of the Plaintiffs' Settled Claims and Defendants' Settled Claims as against the Defendant Released Persons and Plaintiff Released Persons, including without limitation those which, if known, might have affected the decision to enter into the Settlement, or not to object to this Settlement, or not to exclude himself, herself or itself from the Class.

The Settlement is intended to extinguish all of the Plaintiffs' Settled Claims and the Defendants' Settled Claims and, consistent with such intention, upon the Effective Date, Defendants and Lead Plaintiffs expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, the provisions, rights and benefits of any state, federal, or foreign law or principle of common law, which may have the effect of limiting the releases set forth above. This shall include a waiver by the Lead Plaintiff and each of the Class Members and Defendants of any rights pursuant to section 1542 of the California Civil Code (or any similar, comparable, or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The foregoing waiver was separately bargained for, is a material element of the Settlement and was relied upon by each and all of the Defendants in entering into the Settlement.

This release shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

**Please review the following representations and sign below on page __.**

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases or acquisitions of GlobalSCAPE common stock that occurred during the Class Period, all of my (our) sales of that GlobalSCAPE common stock between and including March 3, 2016 and August 7, 2017, and the number of shares of GlobalSCAPE common stock held by me (us) at the open of trading on March 3, 2016, and the number of shares of GlobalSCAPE common stock held by me (us) at the close of trading on August 7, 2017.

I (We) hereby warrant and represent that I am (we are) not excluded from the Class as defined in the Notice.

I (We) am (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

***NOTE: If the Internal Revenue Service has notified you that you are subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above. The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.***

I (We) declare under the penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

---

Executed this _____ day of _____, in _____.

                   ( Month/Year)       (City)       (State/Country)

_____

_____

(Signature of Claimant)                   (Signature of Joint Claimant, if applicable)

_____

_____

(Full Printed Name)                      (Full Printed Name)

_____

(Capacity of person signing above, *e.g.*, Beneficial Purchaser(s), Administrator, Executor, Trustee, Custodian, Power of Attorney, etc.)

Proof of Authority to File Enclosed? _____ Yes _____ No  (*See Section __*)

---

**Accurate claims processing takes a significant amount of time.
Thank you for your patience.**

**Reminder Checklist:**

1. Please sign the Certification section of the Proof of Claim on Page ___.

2. If this Proof of Claim is being made on behalf of joint beneficial claimants, both must sign.

        ***Questions? Call 1-[_____] or visit
www.XXXXXXXXXXXXXXXX.com***

3. Remember to attach supporting documentation.

4. Do not send original stock certificates.

5. Keep a copy of your Proof of Claim and all documents submitted for your records.

6. If you desire an acknowledgement of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send the Claims Administrator your new address.

**THESE FORMS AND YOUR SUPPORTING DOCUMENTATION
MUST BE SUBMITTED NO LATER THAN _____, 2018.**

*Questions? Call 1-[_____] or visit
www.XXXXXXXXXXXXXXXX.com*

Exhibit A(4)

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

IRFAN RAHMAN and ANTHONY
GIOVAGNOLI, individually and on behalf of
all others similarly situated,

                Plaintiff,

v.

GLOBALSCAPE, INC., MATTHEW C.
GOULET, and JAMES W. ALBRECHT, JR.,
THOMAS W. BROWN, DAVID C. MANN,
FRANK M. MORGAN, and THOMAS E.
HICKS,

                Defendants.

Case No. 5:17-cv-00753

**TO:**      **Any and all persons or entities who purchased shares of GlobalSCAPE common stock on the New York Stock Exchange during the period from March 3, 2016 through August 7, 2017, both dates inclusive, including their respective successors, predecessors, heirs, trustees, executors, administrators, assigns, and transferee.**

**You are hereby notified** that parties to the above-captioned consolidated class action (the "Action") pending in the United States District Court for the Western District of Texas (the "Court") have entered into a Stipulation of Agreement and Settlement (the "Stipulation") to resolve the issues raised in the above-captioned consolidated class action (the "Class Action"). The proposed settlement contemplated therein (the "Settlement") includes a settlement payment of $1,400,000 (the "Settlement Amount").

**You are hereby further notified**, that the Class Action has been preliminarily certified as a class action, and that pursuant to an Order of the Court dated _____, a hearing will be held on _____ at _____ (the "Settlement Hearing") before Judge Xavier Rodriguez at the United States District Court for the Western District of Texas, 655 E. Cesar E. Chavez Blvd., San Antonio, TX 78206, to, among other things, (1) determine whether the Class as defined above should be certified pursuant to Federal Rule of Civil Procedure 23(b)(3); (2) determine whether the proposed Settlement should be approved as fair, reasonable, adequate, and in the best interests of the class; (3) determine whether all of Irfan Rahman ("Lead Plaintiff")'s claims should be approved as fair, reasonable, adequate, and in the best interests of the class; (4) determine whether the proposed Order and Final Judgment approving the Settlement should be entered; (5) determine whether, and in what amount, an award of attorneys' fees and expenses should be paid to Plaintiffs' counsel (the

"Fee Application"); (6) consider any objections to the proposed Settlement or Fee Application; and (7) rule on such other matters as the Court may deem necessary and appropriate.

**If you are a member of the class described above and are not otherwise excluded, your rights will be affected and you may be entitled to share in the Settlement Amount if you submit a Proof of Claim and Release Form ("Proof of Claim") no later than _____ , and if the information and documentation you provide in that Proof of Claim establishes that you are entitled to a recovery.** You may obtain copies of this notice by visiting http://www._____.com or by contacting:

GlobalSCAPE Securities Litigation Settlement Administration
A.B. Data, Ltd.

_____

_____

_____

Inquiries, other than requests for the Notice and Proof of Claim form, may be made to Lead Counsel for Lead Plaintiff and the class:

Jeffrey C. Block
**Block & Leviton LLP**
155 Federal Street, Suite 400
Boston, MA 02110
(617) 398-5600
globalscape-settlement@blockesq.com

This Summary Notice provides only a summary of matters regarding the Action and Settlement. The Notice describing the Action, the proposed Settlement, and the rights of the Class Members to appear in Court at the Settlement Hearing, to request to be excluded from the Class, and/or to object to the Settlement, the plan of allocation and/or the request by Lead Counsel for an award of attorney's fees and expenses, is available through the website or contact information above.

As more fully described in the Notice, to participate in the Settlement Amount, you must submit a valid Proof of Claim by no later than _____. As also more fully described in the Notice, the deadline for submitting any objections to the Settlement or the Fee Application, and requests for exclusion from the proposed Settlement is _____.

**Please do not contact the Court directly.**

By Order of The Court

Exhibit B

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

IRFAN RAHMAN, and ANTHONY
GIOVAGNOLI, Individually and On Behalf
of All Others Similarly Situated,

               Plaintiff,

     v.

GLOBALSCAPE, INC., MATTHEW C.
GOULET, and JAMES W. ALBRECHT,
JR., THOMAS W. BROWN, DAVID L.
MANN, FRANK M. MORGAN, and
THOMAS E. HICKS,

               Defendants.

Case No. 5:17-cv-00753

### [PROPOSED] ORDER AND FINAL JUDGMENT

The Stipulation and Agreement of Settlement dated September 13, 2018 (the "Stipulation"), of the above-captioned consolidated class action (the "Action") and the settlement contemplated therein (the "Settlement"), entered into by (i) lead plaintiff Irfan Rahman ("Lead Plaintiff"), by and through his undersigned counsel, on his own behalf and on behalf of the Class (defined below), and (ii) defendants GlobalSCAPE, Inc ("GlobalSCAPE " or the "Company"), Matthew C. Goulet, James W. Albrecht, Jr., Thomas W. Brown, and David L. Mann, and Frank M. Morgan and Thomas E. Hicks, (collectively, "Defendants," and together with Lead Plaintiff, each a "Party" and collectively, the "Parties.").

The Court, having determined that notice of the Settlement Hearing was given to Class Members in accordance with the Preliminary Approval Order, and that such notice was the best notice practicable and was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Stipulation and the Settlement; and an opportunity to be heard having been given to all other

1

persons and entities desiring to be heard as provided in the Preliminary Approval Order; and the entire matter of the Settlement having been considered by the Court;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.      This Order and Final Judgment incorporates and makes part hereof: (i) the Stipulation filed with the Court on September 13, 2018; (ii) proof of mailing of the Summary Notice of Proposed Settlement (the "Summary Notice") (the "Summary Notice") filed with the Court on _____; (iii) proof of publication of the the Notice of Pendency of Class Action, Proposed Settlement, Settlement Hearing and Right to Appear ("Long-Form Notice")  filed with the Court on _____; (iv) proof of internet publication of the Long-Form Notice and dedicated website page filed with the Court on _____; and (v) list of any requests for exclusion ("Request(s) for Exclusion") from the Settlement filed with the Court on _____.

2.      This Order and Final Judgment incorporates by reference the definitions in the Stipulation and unless defined herein, capitalized words and terms shall have the same meaning as they have in the Stipulation.

3.      The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff and all other Class Members and Defendants.

4.      Notice of the pendency of the Action as a class action and of the proposed Settlement has been given to all Class Members who could be identified with reasonable effort pursuant to and in the manner directed by the Preliminary Approval Order.  Proof of notice was filed with the Court by Lead Plaintiff's Counsel, and a full and fair opportunity to be heard with respect to the Settlement has been offered to all Parties, Class Members, and persons in interest. The form and method of the notice is: (i) hereby determined to have been the best notice practicable under the circumstances to apprise Class Members of the pendency of the Action, of the terms, conditions and effect of the proposed Settlement (including the nature and scope of releases contained therein) and of their rights to object to the proposed Settlement and appear at the Settlement Hearing or exclude themselves from the Settlement; (ii) constituted due, adequate and

Exhibit B

sufficient notice to all persons and entities entitled to receive notice; and (iii) was given in full compliance with each of the requirements of due process, Federal Rule of Civil Procedure 23, and Section 21D of the Securities Exchange Act of 1934. Thus, it is determined that all Class Members, other than those persons and entities listed on Exhibit 1 hereto, are bound by this Order and Final Judgment herein.

5.    The Court hereby finds and certifies for purposes of settlement only, pursuant to Federal Rule of Civil Procedure 23, that:

a.    in accordance with Federal Rule of Civil Procedure 23(a): (a) the Class (defined below) is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class (defined below); (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel (as identified below) have fairly and adequately protected the interests of the Class; and (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy;

b.    the requirements of Federal Rule of Civil Procedure 23 have been satisfied;

c.    the requirements of the Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the form and manner of notice given;

d.    the Action is a proper class action pursuant to Federal Rule of Civil Procedure 23(b)(3) and is hereby certified as a class consisting of all persons and entities who purchased shares of GlobalSCAPE common stock on the New York Stock Exchange during the period from March 3, 2016 through August 7, 2017, both dates inclusive, including their respective successors, predecessors, heirs, trustees, executors, administrators, assigns, and transferees. Excluded from the Class are: Individuals named as defendants in the Action at the time of settlement; GlobalSCAPE's current and former directors and officers and their immediate family members, including their legal representatives, heirs, successors, or assigns;

3

and any entity in which a Defendant has or had a controlling interest. Also excluded from the Class is any person or entity who excludes themselves by filing a timely Request for Exclusion; and

    e.   Lead Plaintiff is hereby certified as the Class representative and Block & Leviton LLP is certified as Lead Counsel.

    6.   The Court finds that the Settlement, and all transactions preparatory or incident thereto, are fair, reasonable, adequate, and in the best interests of the Class. The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties undertaken with the assistance of an experienced mediator. Accordingly, the Settlement is hereby approved in all respects pursuant to Federal Rule of Civil Procedure 23(e). The Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions.

    7.   The Court finds and concludes, pursuant to Section 21D(c)(l) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. §§ 77z-l(c)(l), 78u-4(c)(l), that Lead Plaintiff, Lead Counsel, Defendants, and Defendants' counsel have complied with each requirement of Federal Rule of Civil Procedure 11(b) as to any complaint, responsive pleading or dispositive motion.

    8.   The Court finds and concludes that the Parties have complied with the notice provisions in 28 U.S.C. § 1715 pursuant to the Class Action Fairness Act, if applicable.

    9.   The Action is hereby dismissed with prejudice on the merits. The Parties are to bear their own costs, except as provided herein.

    10.   The terms of the Stipulation and this Order and Final Judgment shall forever be binding on Lead Plaintiff and each Class Member and their counsel.

    11.   The releases set forth in the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated by reference in this Order and Final Judgment.

12.     The Court hereby orders the settlement and release of any and all actions, causes of action, claims (including Unknown Claims), demands, rights, disputes, suits, matters, damages, losses, costs, expenses, obligations, proceedings, issues, judgments, and liabilities of every nature and description whatsoever,  known or unknown, suspected or unsuspected, fixed or contingent, foreseen or unforeseen, liquidated or unliquidated, accrued or unaccrued, matured or unmatured, concealed or hidden, at law or in equity, whether class, individual, direct, derivative, representative, legal, or equitable, against Defendant Released Persons, arising under federal, state, common or foreign law, including the federal securities laws and any state disclosure law, or at equity, that: (a) Lead Plaintiff or any Class Member have asserted in this Action, or could have asserted in the Action or in any other proceeding or forum that concern, arise out of, refer to, are based upon, or are related in any way to the allegations, events, acts, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth or referred to in the Complaint, first Amended Complaint, or Second Amended Complaint, including, without limitation, all of Defendants' public filings and statements cited therein; (b) would have been barred by res judicata or collateral estoppel had this Action been fully litigated to a final judgment; or (c) could have been, or in the future could be, asserted in any forum or proceeding or otherwise by Lead Plaintiff or any Class Member that relate to purchase, sale, acquisition or holding of GlobalSCAPE common stock during the Class Period; provided, however, that the Plaintiffs' Settled Claims shall not release any claims to enforce the Settlement.

13.     The Court also orders the settlement and release of any and all claims (including Unknown Claims), for damages, injunctive relief, or any other remedies against Plaintiff Released Persons based upon, arising from, or related to the prosecution and/or settlement of the Action, including any claim or assertion that Federal Rule of Civil Procedure 11 was violated in any manner; provided, however, that the Defendants' Settled Claims shall not release any claims to enforce the Settlement.

14.     The releases described in paragraphs 11-13 shall extend to all claims that Lead Plaintiff and the Class Members and Defendants do not know or suspect to exist at the time of the

releases, including without limitation those which, if known, might have affected the decision to enter into the releases and participate in the Settlement. Additionally, Defendants and Lead Plaintiff acknowledge, and each of the Class Members by operation of law shall be deemed to have acknowledged, that any or all of them may discover facts in addition to or different from those now known or believed to be true by them with respect to the subject matter of Plaintiffs' Settled Claims and Defendants' Settled Claims, but that it is the intention of Defendants, Lead Plaintiff, and by operation of law the intention of each of the Class Members, to completely, fully, finally, and forever compromise, settle, release, discharge, extinguish, and dismiss any and all Plaintiffs' Settled Claims and Defendants' Settled Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore have existed, including, but not limited to, claims relating to conduct that is negligent, reckless, intentional, with or without malice, or any breach of any duty, law or rule, without regard to the subsequent discovery of additional or different facts. Defendants and Lead Plaintiff acknowledge, and each of the Class Members by operation of law shall be deemed to have acknowledged, that "Unknown Claims" are expressly included in the definition of "Plaintiffs' Settled Claims" and "Defendants' Settled Claims," and that such inclusion was expressly bargained for and was a material element of the Settlement and was relied upon by Lead Plaintiff and Defendants in entering into the Settlement.

15.    The Settlement extinguishes all of the Plaintiffs' Settled Claims and the Defendants' Settled Claims and, consistent with such intention, upon the Effective Date, Defendants and Lead Plaintiff expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of this Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, the provisions, rights and benefits of any state, federal, or foreign law or principle of common law, which may have the effect of limiting the releases set forth above. This shall include a waiver by the Lead Plaintiff and each of the Class Members and Defendants of any rights pursuant to section 1542 of the California Civil Code (or any similar, comparable, or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HA VE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

16.     Upon the Effective Date, Lead Plaintiff and each of the Class Members (on behalf of themselves and their respective successors, predecessors, heirs, trustees, executors, administrators, assigns, and transferees) shall be deemed to have and by operation of this Order and Final Judgment shall have fully, finally, and forever released, relinquished, discharged, waived and dismissed Plaintiffs' Settled Claims against any and all Defendant Released Persons (whether or not Lead Plaintiff or such Class Member submits a Proof of Claim Form).

17.     Upon the Effective Date, Defendants (on behalf of themselves and their respective successors, predecessors, heirs, trustees, executors, administrators, assigns, and transferees) shall be deemed to have and by operation of this Order and Final Judgment shall have fully, finally, and forever released, relinquished, discharged, waived and dismissed Defendants' Settled Claims against any and all Plaintiff Released Persons.

18.     Upon the Effective Date, Lead Plaintiff and each of the Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined to the fullest extent permitted by law from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of Plaintiffs' Settled Claims against any of Defendant Released Persons.

19.     Upon the Effective Date, Defendants, and anyone claiming through or on behalf of any of them, are forever barred and enjoined to the fullest extent permitted by law from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of Defendants' Settled Claims.

20.     This Order and Final Judgment, the facts and terms of the Stipulation, including exhibits, and all negotiations, statements, and proceedings in connection with the Settlement, and any act performed, or document signed in connection therewith:

    a.  shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession on the part of Defendant Released Persons or Plaintiff Released Persons, or any other person or entity, with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation;

    b.  shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendant Released Persons, or of any infirmity in the Lead Plaintiff and other Class Members' claims;

    c.  shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession on the part of Defendant Released Persons or Plaintiff Released Persons, or any other person or entity, with respect to any liability, negligence, fault or wrongdoing of any nature by them, or any of them, and shall not be offered or received or in any way referred to for any other reason against the Defendant Released Persons or Plaintiff Released Persons in any arbitration proceeding or other civil, criminal or administrative action or proceeding (except an action to enforce the Stipulation and Settlement contemplated hereby); provided, however, that Defendant Released Persons or Plaintiff Released Persons may refer to it to effectuate the liability protection granted them hereunder;

    d.   shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession by Defendant Released Persons, Plaintiff Released Persons, Defendants' Counsel or Plaintiffs' Counsel that the consideration paid hereunder represents the amount which could be or would have been recovered after trial; and

    e.   shall not be construed as, or deemed to be evidence of, or be used in any way as a presumption, admission or concession that Lead Plaintiff, any Class Member, any present or former stockholder of GlobalSCAPE, or any other person or entity, has or has not suffered any damage.

21.    The plan of allocation for the Settlement Fund as set forth in the Long-Form Notice is approved as fair, adequate and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

22.    The Court finds that all persons and entities within the definition of the Class have been adequately provided with an opportunity to exclude themselves from the Settlement by submitting a Request for Exclusion from the Settlement in conformity with the terms of the Notice. All persons and entities who have requested exclusion from the Settlement in the manner described in the Long-Form Notice are not bound by this Order and Final Judgment. All persons and entities who have opted out of the Settlement are identified on Exhibit 1 hereto.

23.    In the event that the Settlement fails to become effective in accordance with its terms, or if this Order and Final Judgment is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any Party elects to terminate the Settlement), this Order and Final Judgment (except this paragraph and paragraph 20) shall be null and void, the Settlement shall be deemed terminated, and the Parties shall return to their pre-settlement positions as provided for in the Stipulation.

24.    Any application by Lead Counsel or order entered regarding attorneys' fees and expenses to Plaintiffs' Counsel, compensatory award to Lead Plaintiff, shall in no way disturb or affect this Order and Final Judgment.  Any plan of allocation submitted by Lead Counsel or any

order entered regarding a plan of allocation shall in no way disturb or affect this Order and Final Judgment.

25.    Only those Class Members filing valid and timely Proofs of Claim shall be entitled to receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Plaintiffs' Settled Claims against the Defendant Released Persons. All Class Members shall be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

26.    Without affecting the finality of this Order and Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, Lead Plaintiff, and the Class for the purposes of:   (i) supervising the implementation, enforcement, construction and interpretation of the Stipulation and this Order and Final Judgment; (ii) supervising the distribution of the Settlement Fund, including the plan of allocation as set forth in the Notice, and entering the Class Distribution Order; and (iii) other matters related or ancillary to the foregoing.

27.    Without further Order of the Court, the parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Settlement.

28.    There is no reason for delay in the entry of this Order and Final Judgment and immediate entry and docketing by the Clerk of the Court is directed.


SIGNED this _____ day of _____, 2018.


                    _____
                    The Honorable Xavier Rodriguez
                    United States District Judge